FORT WAYNE COMMUNITY SCHOOLS *v.* STATE EX REL. NEW HAVEN PUBLIC SCHOOLS ET AL.

[No. 29,674.  Filed July 3, 1959.  Rehearing denied October 16, 1959.]

*Paul W. Philips,* City Attorney of Fort Wayne and *Newkirk, Keane & Kowalczyk,* of Fort Wayne, for appellant.

*James P. Murphy, Arthur H. Fruechtenicht* and *Robert J. Parrish,* all of Fort Wayne, for appellees.

LANDIS, J.—This appeal is from a judgment of the lower court in a declaratory judgment action holding the annexation ordinance of appellee, City of Ft. Wayne, to be valid but holding that for school purposes the territory annexed remained under the jurisdiction of appellee, New Haven Public Schools, and did not by reason of being annexed to the city of Ft. Wayne come within the jurisdiction of the appellant, Ft. Wayne Community Schools (successor to School City of Ft. Wayne).

As appellees in oral argument have waived all matters raised on their assignment of cross-errors, no question is before us on this appeal as to the validity of that portion of the finding and judgment sustaining the annexation by the city of Ft. Wayne. Appellant concedes that the only question before us for review pertains to that portion of the finding and judgment, holding, however, that for school purposes the territory annexed remained under the jurisdiction of appellee, New Haven Public Schools, and did not by reason of the civil annexation come within the jurisdiction of appellant Ft. Wayne Community Schools.

It has always been the policy of this state to foster and encourage education and it is provided in the Constitution of Indiana that it is the duty of the General Assembly to provide by law for a general and uniform system of common schools, wherein tuition shall be without charge and

equally open to all. Art. 8, §1, Constitution of Indiana; *School City* v. *Harrison School Tp.* (1916), 184 Ind. 742, 746, 112 N. E. 514; *State ex rel. Harris, etc.* v. *Mutschler, et al.* (1953), 232 Ind. 580, 115 N. E. 2d 206.

The legislature has the exclusive right and power to determine how and by what instrumentalities the education system of this state shall be administered and carried into effect. School corporations organized under or by virtue of the laws of the state, are for the sole purpose of administering the state system of public education. The central authority over schools and school affairs being in the General Assembly, its discretion should be respected by local authorities and the courts, unless there is a clear violation of some section of the constitution. *The State ex rel. Clark* v. *Haworth, School Trustee, Etc.* (1890), 122 Ind. 462, 465, 23 N. E. 946; *Freel* v. *The School City of Crawfordsville* (1895), 142 Ind. 27, 41 N. E. 312, 37 L.R.A. 301; *Ratcliff* v. *Dick Johnson School Twp.* (1933), 204 Ind. 525, 531, 185 N. E. 143.

In the case before us, in 1954 the common council of the city of Ft. Wayne, acting pursuant to Burns' §48-702 (1950 Replacement), annexed certain territory to the city of Ft. Wayne, which territory lay within the territorial jurisdiction of appellee, New Haven Public Schools.

The New Haven Public Schools had been previously organized in 1948 as a consolidated school corporation under Burns' §28-5901, *et seq.*, (1948 Replacement).

This appeal raises the question of the effect of this territorial annexation by the city of Ft. Wayne upon appellee consolidated school corporation which was formed by the consolidation of the two previous school

corporations of New Haven School Town and Adams School Township, both of Allen County, Indiana.

The early statutes governing the establishment of school corporations in this state created and made school townships, school towns, and school cities co-extensive with their counterparts among the civil townships, civil towns, and civil cities of this state.[1]

And subsequent statutes have provided for the acquisition of property of a school corporation by another school corporation upon civil annexation proceedings, etc., and have made provision for the payment of compensation for the property thereby acquired.[2]

---

1. "Each and every township that now is or may hereafter be organized in any county in this state is hereby also declared to be a school township, and, as such, to be a body politic and corporate, by the name and style of ' ...... School Township of ...... County,' according to the name of the township and of the county in which the same may be organized; and, by such name, may contract and may be contracted with, sue and be sued in any court having competent jurisdiction." Acts of 1859, ch. 119, §1, p. 181, being Burns' §28-2401 (1948 Replacement).

"Each civil township and each incorporated town or city in the several counties of the state is hereby declared a distinct municipal corporation for school purposes, by the name and style of the civil township, town or city corporation respectively, and by such name may contract and be contracted with, sue and be sued, in any court having competent jurisdiction; and the trustees of such township, and the trustees provided for in the next section of this act, shall, for their township, town or city be school trustees, and perform the duties of clerk and treasurer for school purposes." Acts of 1865, ch. 1, §4, p. 3, being Burns' §28-2402 (1948 Replacement).

"The title to all lands acquired for school purposes shall be conveyed to the township, incorporated town, or city for which it is acquired, in the corporate name of such township, town or city, which is used for school purposes, for the use of common schools therein. In all cases in which the title to any such land is vested in any other person or corporation than as above provided, it shall be the duty of the trustee for school purposes of the township, town or city to procure the title to be vested as in this section provided." Acts 1865, ch. 1, §157, p. 3, being Burns' §28-3301 (1948 Replacement).

2. "Whenever there has been, or may hereafter be, by proper proceedings, any territory annexed to any city or incorporated town of this state, which territory included within such boundary as annexed any real estate which, prior to such annexation, was the property of the school township adjoining such town or city

and used for school purposes by such school township, such real estate shall, by virtue of such annexation, at once become, in fee simple, the property of the school corporation of such town or city within the corporate boundaries of which it is found after such annexation of territory, and it is hereby made the duty of the township trustee to at once execute and deliver to the school corporation of such town or city a deed conveying such title as his school township has for all school property which has passed by such proceedings from the territorial jurisdiction of the township to that of a town or city." Acts 1893, ch. 109, §1, p. 194, being Burns' §28-3304 (1948 Replacement).

"In all cases where any city or incorporated town of this state shall hereafter annex any territory, or where any town shall be hereafter incorporated, in which territory so annexed or incorporated there shall be real estate of any school township held by it for school purposes, and such school township shall at the date of the annexation have paid for said school property or school building, or both, or shall be indebted in whole or in part either for the purchase of said real estate or for buildings constructed thereon, it shall be and is hereby made the duty of the common-school corporation of such city or incorporated town, to pay the present value of such property or buildings, or both, as the case may be, where they have been paid for; or, in case they have not been paid for, then to pay the present value thereof, less any unpaid bonded indebtedness incurred in the purchase or building thereof, and, in addition thereto, pay such indebtedness, the indebtedness to be paid to the bondholders, and the value as herein fixed, less indebtedness to be paid to the school township from which the property and buildings are taken, and such city or town school corporation is hereby made liable therefor. The present value of any such real estate or school building taken shall be determined by three [3] appraisers, one to be selected by the township trustee of the township in which such property or school is located, and one to be selected by the president of the board of school trustees or board of school commissioners of the school city or school town appropriating such property or building, and one who shall be a member of the state board of accounts, and the appraisal of any two shall be binding on all parties concerned. Until such city or town school corporation shall have paid such indebtedness or value it shall not be entitled to a deed for such real estate. On the payment by such city or town school corporation of the full present value of such property or buildings, or both, the said city or town school corporation shall be entitled to a deed for such real estate, as now by law provided." Acts 1927, ch. 219, §1, p. 639, being Burns' §28-3305 (1948 Replacement).

"In all cases where any city or incorporated town of this state has annexed or shall hereafter annex any territory, or where any town has been or shall hereafter be incorporated, and where the civil township, or school township, from which such territory was or is taken, is indebted or has outstanding unpaid bonds or other obligations at the time of the annexation or incorporation of such territory, then such city or town, as the case may be, shall be liable for, and pay such proportion of such indebtedness of such civil township or school township as the assessed valuation of property in such annexed or incorporated territory is to the valuation of all property in such township, as the same is assessed for general taxation, prior to the annexation of any such territory

None of these statutes, however, specifically mention or attempt to deal with the acquisition of property of a consolidated school corporation upon annexation proceedings by a civil unit of government.

The school consolidation law under which appellee New Haven Public Schools was organized,[3] provides among other things that upon the accomplishment of a school consolidation under the act the old school corporation or entity is deemed to be abandoned and all the former property and rights accrue to the new consolidated corporation.[4] It is further provided that the new consolidated corporation is deemed to be a school corporation separate and distinct from any civil corporation.[5]

To understand the legislative intent behind the school consolidation laws, we must observe the history of the changes that have taken place in our society since the close of World War I and during which

---

or incorporation of any such town. Such annexing city or town, or newly incorporated town, shall pay such part of [or] proportion of such unpaid indebtedness of such civil township or school township to the township trustee: Provided, That in case such indebtedness consists of outstanding unpaid bonds or notes, of such civil township or school township, then such payment to such trustee shall be made at such time as the principal, or any part thereof, or interest of such bonds or notes falls of [sic] become[s] due: Provided, further, That if any school building is included in such annexation, the entire remaining indebtedness on such building shall be paid by the annexing city, town, or newly incorporated town, as heretofore provided by law. No annexation of territory under previously enacted laws shall be effective if the liability so created should cause the indebtedness of the annexed city or town to exceed the constitutional limitation on indebtedness of such municipality, or if such annexation would cause the township indebtedness to exceed such limitation after the annexation took place." Acts 1935, ch. 158, §1, p. 578, being Burns' §28-3305a (1948 Replacement).

3. Acts 1947, ch. 123, §1, p. 409, being Burns' §28-5901, et seq. (1948 Replacement).

4. Acts 1947, ch. 123, §7, p. 409, being Burns' §28-5907 (1948 Replacement).

5. Acts 1947, ch. 123, §12, p. 409, being Burns' §28-5912 (1948 Replacement).

period numerous laws providing for consolidated school districts, joint high school districts, metropolitan school districts, and others have been enacted.

The day of the one room school house is gone, and with each passing year come greater demands for better school facilities and instruction. The situation has not been relaxed with the advent of "sputnik" and the space age. To meet the financial burden imposed by the requirement of better schools in rural and urban areas, the legislature has found it necessary to enlarge the tax base supporting the local school unit. This has necessitated getting away from the identification of school district boundaries with the boundaries of civil units, and the many attempts of the General Assembly to deal with school consolidation in the past 40 years are but expressions of the legislative intent in this direction.

We thus have a history of legislation upon the subject of Consolidation of Schools which has an intent manifestly different from that motivating the annexation of civil units of government. The earlier statutes governing the normal identification of school districts with the boundaries of civil units of government upon annexation have served a useful purpose in the situation they were intended to encompass. But we have not been directed to any evidence that these statutes were intended to be extended to school consolidations which frequently have as their purpose the obliteration rather than the recognition of civil boundary lines in the interest of a better education system. The 1948 Consolidation Act under which the instant consolidation was effected is a more recent legislative expression than the annexation statutes under which the civil annexation was accomplished; and of course the rule is well settled that in case of conflict between stat-

utes upon a particular subject matter, it is the later expression of the legislature which controls.

See: *Hamilton County Council* v. *State ex rel. Groff* (1949), 227 Ind. 608, 613, 87 N. E. 2d 810; *Brumfield, Tr.* v. *State ex rel. Wallace* (1934), 206 Ind. 647, 654, 190 N. E. 863.

We believe that the annexation statutes can be construed in a manner compatible with the purpose and intent of the school consolidation statutes, without defeating the purpose of annexation and without causing untold confusion between the civil and school corporations in a particular area. And as the annexation statutes do not expressly provide for the acquisition of a consolidated school corporation, we do not believe the language and construction given the earlier annexation statutes should be extended to cover the acquisition of consolidated school districts in the face of the spirit and intent of the school consolidation statutes which militate to the contrary.

It is our duty to construe statutes in the most beneficial way which their language will permit to prevent absurdity, hardship, and injustice, to favor public convenience and to oppose injury to the public interest. And, as we have observed on other occasions, the importance of preventing evil and hardship may properly be a consideration in reaching the proper construction of a statute when the language is ambiguous, uncertain, or doubtful.

See: *State ex rel.* v. *Ogan* (1902), 159 Ind. 119, 126, 63 N. E. 227; *Hamilton* v. *Huntington* (1944), 223 Ind. 143, 147, 58 N. E. 2d 349, 59 N. E. 2d 122; 2 Horack's Sutherland Statutory Construction (3d Ed.) §4704.

It is too apparent for extended discussion to remark that this is particularly true where the hardships and

evils of a different construction could readily affect adversely the educational opportunities of children. This is in accordance with the policy of the state to foster and encourage education as enjoined upon the legislature by the Constitution of Indiana and does not unlawfully prejudice the rights of others.

It is our conclusion that the finding and judgment of the lower court were correct in holding that for school purposes the territory annexed by the city of Ft. Wayne in the annexation proceedings remained under the jurisdiction of appellee, New Haven Public Schools, and did not by reason of the civil annexation come within the jurisdiction of appellant, Ft. Wayne Community Schools.

Judgment affirmed.

Achor, C. J., and Arterburn, Jackson and Bobbitt, JJ., concur.

NOTE.—Reported in 159 N. E. 2d 708.