MetropoLITAN SCHOOL DISTRICT OF CONCORD TOWNSHIP ET AL. *v.* STATE EX REL. SCHOOL CITY OF ELKHART ET AL.

[No. 30,365. Filed July 11, 1963.]

*F. LeRoy Wiltrout,* of Elkhart, and *Charles W. Ainlay,* of Goshen, for appellants.

*Philip E. Byron, Jr.,* and *Sidney DeAubrey,* both of Elkhart, for appellees.

ACHOR, J.—This is an action brought by appellees for a declaratory judgment and a temporary injunction.

In the case before us, the city of Elkhart, which is situated in Concord Township, Indiana, by a series of ordinances enacted in 1957, 1958, 1959, 1960 and '61, annexed parcels of territory which were in Concord Township and adjacent to the city of Elkhart, which territory so annexed had formerly been incorporated as part of The Metropolitan School District of Concord Township. The principle issue is whether by such ordinances the territory involved was removed from the territorial boundaries of The Metropolitan School District of Concord Township and placed within the territorial boundaries of the School City of Elkhart, for property tax purposes.

Hearing was had on the temporary injunction, following which there was a finding and judgment for appellees which, in substance, held that the areas annexed by the Civil City of Elkhart [from the Civil Township of Concord] also effected an annexation by

the School City of Elkhart from the Metropolitan School District of Concord Township, and appellants were enjoined from putting into effect a taxing program not consistent with such annexation.

Both appellants and appellees concur that all the facts and all authority were presented on the proceeding with respect to the temporary injunction which might hereafter be submitted in determining the issue as to the permanent injunction, and that the case has been fully briefed upon the merits. Therefore, they ask that, because of the great public interest involved, this court consider the case upon the merits, as was done in the case of *Sweigart* v. *State* (1938), 213 Ind. 157, 171, 12 N. E. 2d 134.[1] Under these circumstances we consider the case upon issues presented, although they may be controlling of the case upon its final determination.

In support of the appeal herein, appellants rely on three major contentions, which they have stated as follows:

"1. That under the principles of the Ft. Wayne case [Ft. Wayne Community Schools v. State ex rel. etc. (1959), 240 Ind. 57, 159 N. E. 2d 708], the annexation ordinances of the City of Elkhart did not cause the School City of Elkhart to acquire territory of appellant Metropolitan School District.

2. That the 1957 Act, Burns' Statutes, Secs. 28-3727—28-3731, did not change the previously existing law as to when civil annexation causes the city school corporation to acquire territory from another school corporation.

---

1. "This appeal is from an interlocutory order granting a temporary injunction. Ordinarily the final merits will not be considered in such appeal. In this case, however, the briefs and arguments of attorneys for the respective parties to the appeal were upon the merits of the case and for this reason we have discussed in the opinion what may be said to be the final merits of the case . . ." *Sweigart* v. *State* (1938), 213 Ind. 157, 171, 12 N. E. 2d 134.

3. That since the last five ordinances were enacted after the effective date of 'The School Corporation Reorganization Act of 1959,' Burns' Statutes, Sec. 28-6101 et seq., and since the transfer of the territories of these five ordinances has never been approved by the State Commission for the Reorganization of School Corporations, such territories could in no event be within the territorial jurisdiction of the School City of Elkhart."

In support of their first contention, which goes to the merits of their appeal, appellants rely upon the following extracts from the opinion in the case of *Ft. Wayne Community Schools* v. *State ex rel. etc.* (1959), 240 Ind. 57, 60-61, 63-64, 66, 159 N. E. 2d 708:

"In the case before us, in 1954 the common council of the city of Ft. Wayne, acting pursuant to Burns' §48-702 (1950 Replacement), annexed certain territory to the city of Ft. Wayne, which territory lay within the territorial jurisdiction of appellee, New Haven Public Schools.

The New Haven Public Schools had been previously organized in 1948 as a consolidated school corporation under Burns' §28-5901, et seq. (1948 Replacement).

This appeal raises the question of the effect of this territorial annexation by the city of Ft. Wayne upon appellee consolidated school corporation which was formed by the consolidation of the two previous school corporations of New Haven School Town and Adams School Township, both of Allen County, Indiana.

. . . . .

It is our conclusion that the finding and judgment of the lower court were correct in holding that for school purposes the territory annexed by the city of Ft. Wayne in the annexation proceedings remained under the jurisdiction of appellee, New Haven Public Schools, and did not by reason of the civil annexation come within the jurisdiction of appellant, Ft. Wayne Community Schools."

We affirm the decision of this court in the above case, under the then existing law. However, on careful analysis, it appears that the facts and the governing law under which the Ft. Wayne case was decided are not the same as that with which we are here confronted.

True, as a background for the decision in the *Ft. Wayne* case, *supra,* this court discussed the fact that:

> "The early statutes governing the establishment of school corporations in this state created and made school townships, school towns, and school cities coextensive with their counterparts among the civil townships, civil towns, and civil cities of this state."

This court further commented that:

> "[S]ubsequent statutes have provided for the acquisition of property of a school corporation by another school corporation upon civil annexation proceedings, etc., and have made provision for the payment of compensation for the property thereby acquired."

The statutes above referred to are quoted verbatim in footnote 2 of the Ft. Wayne case, *supra,* the same being §§28-3304; 28-3305, and 28-3305a, Burns' 1948 Repl. However, it must be noted that by their terms, under those statutes the property, territory and indebtedness of *school townships* followed the civil township, in event of annexation.

In the Ft. Wayne case, *supra* [240 Ind. 57, 63-64], we were concerned only with the effect of annexation upon a *consolidated school corporation as contrasted* with a metropolitan school district, with which we are here concerned. It is true that the opinion of this court in that case also made reference to metropolitan school districts, but this observation was made only

indirectly as indicating a progressive concern on the part of the legislature regarding school legislation. In that case this court merely stated:

> "To understand the legislative intent behind the *school consolidation laws,* we must observe the history of the changes that have taken place in our society since the close of World War I and during which period numerous laws providing for consolidated school districts, joint high school districts, metropolitan school districts, and others have been enacted." [Our italics.]

However, all positive and specific statements in the opinion are directed to the necessity of establishing and maintaining *consolidated school corporations,* which are created for the purpose of enlarging the school unit and the tax base which supports it. Thus, this court further stated in the Ft. Wayne case [at pp. 64-65]:

> "To meet the financial burden imposed by the requirements of better schools in rural and urban areas, the legislature has found it *necessary to enlarge the tax* base supporting the local school unit. This has necessitated getting away from the identification of school district boundaries with the boundaries of civil units, and the many attempts of the General Assembly to deal with *school consolidation* in the past 40 years are but expressions of the legislative intent in this direction.
>
> We thus have a history of legislation upon the subject of *Consolidation of Schools* which has an intent manifestly different from that motivating the annexation of civil units of government. . . .
>
> . . . . .
>
> And as the annexation statutes do not expressly provide for the acquisition of a *consolidated school corporation,* we do not believe the language and construction given the earlier annexation statutes should be extended to cover the acquisition of *consolidated school districts* in the face of the

spirit and intent of the school *consolidation statutes* which militate to the contrary." [Our italics.]

The sole issue decided in the Ft. Wayne case, *supra,* was that under the then existing statute annexation by a civil city of part of the area included in a consolidated school district, did not affect an annexation by the school city of the corresponding part of a consolidated school district. As heretofore noted, the basic reason given in the Ft. Wayne case, for retaining the integrity of a consolidated school district, was the fact that it was created to enlarge the school unit and provide an adequate tax base to support it. In contrast, a metropolitan school district, with which we are here concerned, involved no consolidation of school districts. Its establishment involved only the transfer of the control of an already established school township from the trustee and his advisory board to a township school board,[2] without any enlargement of the school unit or the tax base to support it. Thus it appears that neither the school consolidation statute nor the reasoning which were considered controlling in the Ft. Wayne case are applicable to the case at bar.

Furthermore, in support of our decision, we take into consideration the fact that the Ft. Wayne case

---

2. In 1955 there was added to the 1949 Acts a new section, which is Burns' Ind. Statutes §28-2453a, and this was amended in 1957. As stipulated by the parties, this was the section under which the appellant The Metropolitan School District was organized in July, 1957. This section provides for the establishment of a metropolitan school district in a single township, the section providing in part:

"Such metropolitan school district shall have the same boundaries as the school township; and after such district has been created, the school township out of which it was created, shall be abolished. . . ."

Acts 1957, ch. 349, §1, p. 1010 [§28-2453a II, Burns' 1963 Supp.].

was brought relative to an annexation ordinance adopted in 1954 [based upon a 1947 statute], whereas, the annexation ordinances with which we are here concerned were adopted pursuant to the annexation statutes subsequently enacted in 1957 [Acts 1957, ch. 112, §§1-5, p. 196 (§§28-3727—28-3731, Burns' 1963 Supp.)]. This latter statute evidences a legislative intent, consistent with earlier annexation statutes previously referred to in this opinion, that in event of the annexation of a part of a civil township by a civil city, the corresponding part of the school township, or its counterpart — metropolitan school district — follows the annexation by the civil city.

Finally we consider appellant's contention that even though the ordinances adopted prior to 1959 may have had the effect of annexing that part of Concord Civil Township, and the corresponding part of the Concord Metropolitan School District, the ordinances adopted after 1959 did not effect the same result, because the transfer of those parts of the latter school district were not approved by the state commission for the reorganization of school corporations as provided by "The School Corporation Reorganization Act of 1959." §28-6101, *et seq.* Burns' 1963 Supp.

The Act of 1959, to which appellants allude, applies to "the alteration of the boundaries of established school corporations, . . . [and] the transfer to any established school corporation of a part of the territory of one [1] or more school corporations," [§28-6121, Burns' 1963 Supp.] *only* as such transfer is effected by the *"consolidation or reorganization* of school corporations, . . . "* [§28-6121, Burns' 1963 Supp.]. [Our italics.] The act does not

apply to *transfer by annexation,* with which we are here concerned.

Judgment is, therefore, sustained.

Myers, C. J., Arterburn & Landis, JJ., concur; Jackson, J., dissents [without opinion].

NOTE.—Reported in 191 N. E. 2d 701.