SCHOOL CITY OF ELKHART *v.* STATE EX REL. CONCORD COMMUNITY SCHOOLS.

[No. 31,034. Filed June 20, 1967. Rehearing denied October 6, 1967.]

*D. Russell Bontrager, Al J. Spaln,* of Elkhart, *George Buckingham,* of Goshen and *Philip E. Byron, Jr.,* of Elkhart, for appellants.

*Joseph A. Roper,* and *Arthur J. Perry,* of South Bend, for appellee.

MOTE, J.—On July 29, 1966, there was issued out of the Elkhart Circuit Court a temporary injunction of broad scope, which restrained and enjoined the defendants (Appellants)

in an action brought by the plaintiffs (Appellees) under and in pursuance of the Uniform Declaratory Judgment Act (Acts of 1927, Ch. 81, p. 208, Burns' Ind. Stat. 1946 Repl., § 3-1101, et seq.) seeking a declaration of rights, status and other legal relation between the parties and, an emergency having been alleged to exist, temporary injunctive relief likewise was sought until such asserted declaratory relief could be obtained. The parties to this appeal have agreed that in our consideration of the equity relief granted in the trial court, it will be necessary for us to consider the merits of the action as it pertains to declaratory relief, and such parties have expressed the wish to this Court that it decide the two issues. Under all of the circumstances presented to us herein, it will be our intention so to do.

There are many pertinent facts set forth in the briefs which have required consideration, but we think that such detailed facts do not require more than limited mention in this opinion.

Enactment of The School Corporation Reorganization Act of 1959, the same being contained in the Acts of 1959, Ch. 202, p. 451, et seq., as amended, is extremely significant in the consideration of this appeal. When one considers the declared public policy stated in the title of the Act, as well as the powers and duties of the county committees and the State Commission for the Reorganization of School Corporations created by said Act, one cannot escape the state of emergency which appeared to obtain, as well as the disappointment of the efficacy of previous legislation designed to meet modern needs for public education. Great sums of money are expended annually for public education, and the enactment of the 1959 Act was the first breakthrough in the accomplishment and provisions for modern education in modern school houses by modern faculties with broad curricula—in theory, at least, the best that could be obtained for the money. While the attainment and success of these objectives and the public policy expressed may be questioned, the purpose is clear.

Hence, when the County Committee of Elkhart County embarked upon its duties and to fulfill its responsibilities, it had in mind, as the statute directs, county-wide reorganization. The mere fact that the County Committee, with approval of the State Commission, was able to bring about the organization of Concord Community Schools in Elkhart County, the territorial limits of which were the same as its predecessor and included all of Concord Township except the Civil City of Elkhart, it had accomplished but one phase of the task before it. This accomplishment did not require submission to the voters of the community school district. The fact that the County Committee's proposal to create the Elkhart Community Schools, after securing the approval of the State Commission, was defeated by the electorate bears significance only to the extent that such efforts failed. Indeed other efforts failed when submitted to the electorate.

In 1966, by appropriate and unlawful resolutions, the Civil City of Elkhart annexed several adjacent and abutting territories, after which the County Committee proposed that Elkhart Community Schools should be created and included in the territory to be served by such proposal the newly annexed territories, all of which lay in Concord Township, and if the proposal finally were approved, it would mean that the Elkhart Community Schools would gain accretion and the Concord Community Schools would suffer diminution to the extent of the accretion. The procedures required were strictly followed and after approval by the State Commission of the County Committee's said proposal, the matter was submitted as required to the electorate of the territory involved in the proposal, which received an affirmative vote.

The necessary steps were taken to create the Elkhart Community Schools and the same would have come into existence at midnight on the close of June 30, 1966, except for the fact that the Appellees filed the action against the Appellants for the relief above mentioned. Subsequent to June 30, 1966, an

amended complaint was filed, setting forth the development of facts from the date of the filing of the original action, namely: the coming into existence of the Elkhart Community Schools. To the amended complaint, Appellants filed their answer and a hearing was held, after due notice, on the question concerning whether a temporary injunction should be issued. The trial court held that such temporary injunction should issue and indeed it was issued. The finding and decision resulted in this appeal.

As we view the matter, announced public policy and the urgency expressed by the General Assembly of 1959 and the duties, as well as the responsibilities of those who became involved, such as the members of the County Committee and of the State Commission, the precise directions set forth and the provision for additional efforts after failure, we cannot escape the conclusion that the creation of Concord Community Schools, Elkhart County, Indiana, under the circumstances briefly set forth above, was but a small part of the over-all tasks to be performed in the establishment of a county-wide school system and indeed a school system which might include more than one county.

We commend those citizens of Concord Township for their exhibited pride in their own community, such being one of the attributes which has made our nation strong, yet we must hold and decide that certainly until and unless the objective of the General Assembly through its created agencies comes to final fruition, other and different territorial divisions, alterations and changes can be made to provide the young people of Indiana with the very maximum facilities for the minimum amount of money.

While we rather believe that the territorial description of Concord Community Schools, which includes all of Concord Township except the Civil City of Elkhart, could be found to be in the nature of a reservation of territory which might be annexed in the future, we do not decide this question. We do

express the opinion that in light of the recent growth of so many communities, cities and towns, as well as suburbs outside the corporate limits of cities and towns, and the apparent desire for more and more people to move to the country, none of us can be sure where our children will attend school in he future. This will depend upon legislative enactment. The judgment herein rendered by the trial court is hereby reversed, with instructions to dissolve the temporary injunction, and the court is hereby ordered to enter a finding and judgment for the Appellants, defendants below, in accordance with the tenor hereof, both on the equity and the law questions presented.

Arterburn, J., concurs.

Jackson, J., concurs in result.

Hunter, C. J., dissents with opinion.

### DISSENTING OPINION.

HUNTER, C. J.—I respectfully dissent from the majority opinion. The opinion by stressing the public policy phase of the School Corporation Reorganization Act of 1959 as amended in a general sense has in my opinion overlooked or disregarded some rather far reaching and limiting legislation adopted subsequent to and in many instances concurrent with amendments to said Act.

The appellants take the position that the case of *Metropolitan School District of Concord Township* v. *State ex rel. School City of Elkhart* (1963), 244 Ind. 232, 191 N. E. 2d 701 is controlling of the issues presented by this appeal. They assert that no applicable statute has been enacted by the legislature since that would change the law as laid down in said case. The appellants also state that this is recognized in the plans under which Concord Community Schools and Elkhart Community Schools came into existence.

The Concord plans provide:

"The boundaries of the proposed community school district shall be those of Concord Township exclusive of the Civil City of Elkhart."

The plan under which Elkhart Community Schools came into existence provides:

"The boundaries of the Elkhart Community Schools shall be those of Cleveland Township, Osolo Township, Washington Township and the Civil City of Elkhart combined as one unit."

The appellants then assert that ". . . both plans indicate that the boundaries are to be based upon the boundaries of the Civil City of Elkhart. As known to all, boundaries change with annexation . . ." These are the answers posed about events since *July 11, 1963.* In other words the argument seems to be that Elkhart Community Schools are created in perpetuity consistent with any and all annexations to the City of Elkhart now and hereafter effected at least under present law. And indeed the majority opinion seems to lend support to such a theory of the law as advanced. The appellants assert ". . . Nothing has happened . . ." to change the applicability of the rules enunciated in the *Metropolitan School* case, *supra,* and that the rules there laid down are expressly applicable to this appeal.

The appellants advance a surprisingly simple argument in relation to said *Metropolitan* school case, *supra.* They simply state that since there was involved in said case the predecessor of Concord Community Schools, namely, Metropolitan District of Concord Township, and the predecessor of Elkhart Community Schools, namely, School City of Elkhart, that nothing has changed. True there was involved civil city annexations of territory out of Metropolitan School District of Concord Township and this court in holding that 1957 Act (§ 28-3727 et seq. Burns') was applicable, found that the civilly annexed areas there involved were transferred to the School City of Elkhart by reason of such civil annexation. However to say

that nothing has changed or happened since to change the application of that case to issues before us, is to avoid recognition of several specific and pertinent facts as follows:

1. The 1957 Act does not apply for the reason that the *annexing school corporation* is a *community school corporation,* namely Elkhart Community Schools, and not a School City;
2. There is not involved here a Metropolitan School from whom land is being civilly annexed but rather a community school corporation, namely, Concord Community Schools;
3. The Bodine Act was enacted *March 14, 1963* (§ 28-6203 et seq.) which in effect deprives a city school corporation under the 1957 Act of taking land from a community school corporation without its consent.
4. Neither the County Committee for the Reorganization of School Corporations nor the State Commission, or both, acting in consort, have any right to take territory from an established community school corporation and transfer it to another school corporation.

The statute considered by this court in the *Metropolitan School District* case, *supra,* § 28-3727 reads as follows:

"Annexed territory—Definitions.—As used in this act (§§ 28-3727—28-3731), the following terms shall have the following meanings:

(a) 'City' or 'town' *shall be a city* or town *which conducts its school as school city* or school town *or as part of a consolidated* or *metropolitan school corporation.*

(b) *'Annexing school corporation'* shall be the *school corporation* of *any city* or town *which annexes territory.*

(c) 'Original school corporation' shall be a school corporation from whom territory is annexed.

(d) 'Annexed territory' shall be the territory annexed from an original school corporation by such city or town.

(e) 'Tax receipts' shall be the amounts received from the tax levy for the tuition and special school funds by the original school corporation from the annexed territory.'

It is my view that the specific definitions of "city" or "town" and "annexing school corporation" contained in the

1957 Act as amended are especially significant when directed to the issues presented by this appeal. The only *school corporations involved* in this appeal are *community school corporations* organized under the comprehensive plan for reorganization of the Elkhart County School Corporations. They are clearly outside the four corners of the above statute.

It should be borne in mind that said Act was the deciding factor in this court's determination of issues presented in the *Metropolitan School District* case, *supra*. It also appears to be a logical conclusion that the 1957 Act was directed as a cure to the confusion then existing as a result of the case of *Ft. Wayne Community Schools* v. *State ex rel. etc.* (1959), 240 Ind. 57, 159 N. E. 2d 708. In that case this Court held

"that the finding and judgment of the lower court were correct in holding that for school purposes the territory annexed by the city of Ft. Wayne in the annexation proceedings remained under the jurisdiction of appellee, New Haven Public Schools, and did not by reason of the civil annexation come within the jurisdiction of appellant, Ft. Wayne Community Schools."

In the above case this Court in arriving at its decision had before it for interpretation such earlier statutes as Ch. 109 of the Acts of 1893 as amended, Burns' § 28-3304 et seq., Ch. 219 of the Acts of 1927 and amendments thereto (found in Burns' § 28-3305), Ch. 158 of the Acts of 1935 (found in Burns' § 28-3305(a) 1948 Replacement) and the School Consolidation Act adopted in 1947 and amendments thereto (found in Burns' § 28-5901 et seq.) which was a general consolidation act as it applied to towns, city and township schools. Since none of such earlier acts as referred to above specifically mentioned or attempted to deal with the acquisition of property and territory of a consolidated school corporation, in annexation proceedings by a civil unit of government, this court concluded as above set forth that such civil annexation did not effectuate a change of such annexed area from the New Haven school to the Fort Wayne school.

Thus it would appear that whatever the intent of the General Assembly might have been in the adoption of the 1957 Act as amended in effect it nullified the decision of this Court in said *Ft. Wayne Community School* case, *supra*. The Acts of 1893, 1919, 1927 and 1935 explicitly were repealed by amendment to the 1957 Act effective March 9, 1959. On the same day the Indiana General Assembly enacted Ch. 89 Burns § 28-3365 et seq.

It therefore seems highly significant that when the 1959 General Assembly expressly repealed the above and aforementioned Acts by the adoption of Ch. 89 of the Acts of 1959, it also included the following:

"28-3369. Construction of Act—This act (§§ 28-3365—28-3369) shall not be construed to permit or prohibit any annexation, except as provided in section 4 (§ 28-3368), or to determine whether or to what extent any action by any civil city or town shall cause territory in an original school corporation to be acquired by another school corporation."

As was hereinbefore mentioned the definitions in such 1957

Act as amended are expressly significant as hereinabove set forth. It is said Act on which the appellants rely to effectuate a transfer of the civilly annexed areas from the Concord Community Schools to the Elkhart Community Schools in the instant case. It seems obvious that the definitions of "city" or "town" embracing as they do school city, school town, part of a consolidated or metropolitan school corporation could in no way embrace "community school corporations" for civil city annexation purposes. The annexing school corporation, namely Elkhart Community Schools, and the "original school corporation," namely Concord Community Schools, were both created and organized under Ch. 202 of the Acts of 1959 as amended (the same being the School Corporation Reorganization Act) and found in Burns' § 28-6101 et seq. clearly do not fall within the four corners of the 1957 Act as amended.

The Indiana General Assembly of 1963 enacted Ch. 296 (commonly referred to as the "Bodine Act") Burns' § 28-6201

et seq. and thereby set forth legislation which, in my opinion, is controlling of the issues presented in this appeal and the pertinent sections thereof are set forth as follows:

"28-6201. Definitions.—As used in this act (§§ 28-6201—28-6208), the following terms shall have the following meanings:

(a) 'School corporation' shall be any school corporation created pursuant to chapter 202, Acts 1959 (§§ 28-6101—28-6131), as originally adopted or as from time to time amended, and shall also be any other school corporation established under any other act or acts of the state of Indiana, which school corporation has common boundaries with any school corporation or corporations formed pursuant to chapter 202, Acts 1959, as originally adopted or from time to time amended, but shall not include any public school corporation located in whole or any part of a county containing a civil city of the first class.

(b) 'Annex,' 'annexing,' 'annexation' and 'school annexation' shall refer to any action whereby the boundaries of any school corporation are changed so that additional territory, constituting all or a part of any one or more other school corporations, is transferred to it.

(c) 'Acquiring school corporation' shall be the school corporation which acquires territory as a result of annexation.

(d) 'Losing school corporation' shall be any school corporation which loses territory to an acquiring school corporation by annexation.

(e) 'Annexed territory' shall be the territory acquired by an acquiring school corporation as a result of annexation from a losing school corporation.

(f) 'Resolution' of a school corporation shall refer to a resolution duly adopted by its governing body.

28-6202. Authority to annex.—Subject to the limitations and procedure set out in this act (§§ 28-6201—28-6208), any school corporation may annex territory from any other school corporation by resolutions of the acquiring and losing school corporations as provided in section 3 (§ 28-6203).

28-6203. Procedure for annexation—Resolution.—An annexation may be effected by any school corporation as follows:

(a) Both the acquiring and the losing school corporations shall each adopt a substantially identical annexation

resolution. This resolution shall contain the following items:

(1) A description of the annexed territory. Such description shall as near as reasonably possible be by streets and other boundaries known by common names and need not be in addition by legal description unless such additional description is necessary to identify the annexed territory. No notice shall be defective if there is a good faith compliance with this section and if the area designated may be ascertained with reasonable certainty by persons skilled in the area of real estate description.

(2) The time the annexation takes place.

(3) Any terms and conditions facilitating education of pupils in the annexed territory, in the losing school corporation or in the acquiring school corporation. . . .

(4) Disposition of assets and liabilities of the losing school corporation to the acquiring school corporation; . . .

(b) After the adoption of such resolution, notice shall be given by publication in both the acquiring and the losing school corporations setting out the text of the resolution, together with a statement that such resolution has been adopted and that a right of remonstrance exists as provided herein. . . ."

The Concord Community Schools came into existence, under the School Corporation Reorganization Act of 1959 as amended, on July 1, 1964. The Elkhart Community Schools came into existence July 1, 1966, having been approved by the voters residing in the areas specifically included in the plan submitted to such voters May 3, 1966, for their adoption or rejection.

The City of Elkhart enacted the following ordinances:

| No. | Date of Enactment | Date of Last publication |
|-----|-------------------|--------------------------|
| 2122 | January 17, 1966 | January 31, 1966 |
| 2127 | February 7, 1966 | February 21, 1966 |
| 2131 | February 28, 1966 | March 14, 1966 |
| 2145 | May 16, 1966 | May 31, 1966 |

All of said ordinances involved specific areas within the territorial boundaries of the then existent Concord Community Schools. In fact we point out by way of reference and in-

formation that ordinance No. 2145 was enacted following the favorable vote in the primary, May 3, 1966.

It would appear that this Court should very carefully examine and interpret the "School Corporation Reorganization Act" of 1959 and related annexation statutes as they apply to annexation proceedings of civil city units of government and specifically to the definitions of the "school corporations" affected thereby. The majority has not discussed the issues presented in this appeal and has thereby created a vacuum in the area of law involved here.

It seems to this writer that the provisions of the "Bodine Act" of 1963 as amended contain the only operable guidelines for a determination of the issues involved in the civil annexation proceedings represented by ordinances numbered 2122, 2127, 2131 and 2145. It seems to me that said ordinances can not operate to effect an automatic transfer of the territorial areas of the Concord Community Schools to the Elkhart Community Schools and this Court should so hold. We should further hold that such territorial areas of the Concord Community Schools may only be transferred to the Elkhart Community Schools by a resolution of the governing bodies of said school corporations and then only under the terms and conditions set forth in the "Bodine Act," *supra*. Said Act is the only statute applicable to the annexation problems presented by this appeal.

We also should hold that the rules announced in the case of *Metropolitan School District of Concord Township* v. *State ex rel. School City of Elkhart, supra,* are not controlling of the questions presented here *re* annexation of territory from one community school corporation to another such corporation organized under the "School Corporation Reorganization Act" of 1959, ch. 2002 thereof, or from any such community school corporation organized under such Act to any school corporation organized under any other act and having common boundaries with such corporation organized under ch. 202,

Acts 1959 except by joint resolutions of both said corpora-
tions; and under no circumstances should such a transfer of
school territory be effected by the unilateral action of annexa-
tion of a civil city from such a community school corporation.

I believe it is the duty of this Court to meet and dispose of
the legal issues of the case as presented to us by the parties
and it is my position that the majority has failed to do so. It
further occurs to me that the majority, in evading any realistic
discussion of such issues, has adopted what appears to be a
rule of expediency applicable only to the case at bar. The
matters discussed in this dissent have been ably and exhaus-
tively presented by counsel for both parties in this case and
judicial responsibility would seem to require that this Court
judicial responsibility would seem to require that this Court
judicially dispose of such issues. In other words the opinion
adopted by this Court should be something more than an
*ad hoc* decision. Counsel are to be commended for the excel-
lence of their briefs.

The parties hereto have requested this Court to rule on
the merits of their legal rights under the various statutes and
case law under the Declaratory Judgment Act presented in
the briefs as well as the case in equity all of which were sub-
mitted to the trial court.

Therefore, I would affirm the trial court in granting the
injunctive relief; and I would determine the law to be with
the Concord Community Schools and against the Elkhart
Community Schools in the submission of this cause on its
merits pursuant to the Declaratory Judgement Act.

MOTE, J.—In its Petition for Rehearing, the Appellee, Con-
cord Community Schools, is critical of what does appear to be
an erroneous statement of one fact. Annexation Ordinance
#2145 was indeed enacted on May 16, 1966, and the last pub-
lication thereon was on May 31, 1966. The County Commit-
tee approved the plan for the creation of Elkhart Community

Schools as of May 23, 1966, the State Commission approved it on March 31, 1966, and the same was voted on, together with other annexation ordinances, on May 3, 1966.

When this cause was submitted, both parties, in their briefs and at the oral argument, requested that this Court decide the basic issue involved. This Court did so and we do regard Appellee's complaint as either well founded or justified in view of its own request.

We stated that The School Corporation Reorganization Act of 1959, ch. 202, p. 451 et seq., was our primary guide in arriving at our decision. The opinion speaks for itself and ample language is contained therein to decide the questions presented upon reversal.

Appellee's Petition for Oral Argument on the Petition for Rehearing is denied; the Petition for Rehearing is Denied.

Jackson, Lewis and Arterburn, J.J., concur.

Hunter, C. J., dissents.

NOTE.—Reported in 227 N. E. 2d 672. Rehearing denied 229 N. E. 2d 824.