CONCORD COMMUNITY SCHOOLS ET AL. *v.*
STATE OF INDIANA ET AL.

[No. 771S206. Filed April 22, 1970. Rehearing denied May 21, 1970.
Transfer granted July 20, 1971.]

*Marshall F. Kizer,* of Plymouth, *Donald E. Bowen,* of Indianapolis, for appellants.

*D. Russell Bontrager, Bontrager & Spahn, Philip E. Byron, Jr., Byron & Daniels,* of Elkhart, for appellees.

DEBRULER, J.—This appeal was first made to the Indiana Appellate Court which rendered an opinion reported as *Concord Community Schools, et al.* v. *State of Indiana ex rel. Elkhart Community School, et al.* (1970), 257 N. E. 2d 338, reversing the summary judgment of the trial court for the appellee and instructing the trial court to grant appellant's motion for summary judgment. The appellee below has petitioned this Court for transfer, which petition is now granted and the opinion and order of the Appellant Court is now ordered vacated.

The same parties before us in the case now on appeal, Concord Community Schools (hereinafter referred to as Concord) and Elkhart Community Schools (hereinafter referred to as Elkhart), were opposing parties in an appeal before this Court

decided by written opinion reported as *School City at Elkhart, et al.* v. *State of Indiana ex rel. Concord Community Schools, et al.* (1967), 248 Ind. 511, 227 N. E. 2d 672. It was the decision of this Court in that case that a certain disputed territory was within the boundary of the school district of Elkhart, and this Court ordered the trial court to enter final judgment accordingly. That opinion was handed down and effective on June 20, 1967. Rehearing was petitioned for and later denied on October 6, 1967. On November 2, 1967, Concord was successful in obtaining a resolution from the State Commission for the Reorganization of School Corporations (hereinafter referred to as the Commission) which had the effect of removing that same disputed area from Elkhart and putting it into Concord's district. On March 5, 1968, the Commission approved a plan entitled "Plan for Reorganization of Concord Community Schools of Elkhart County, Indiana" which had the effect of confirming the former resolution and transferring this same disputed territory to the jurisdiction of Concord.

The case now before us on appeal originated below as an action for declaratory judgment instituted by Elkhart, seeking a judicial determination of the validity of the plan for reorganization approved by the Commission on March 5, 1968. The case was submitted to the trial court on motions of Elkhart and Concord for summary judgment and the trial court granted Elkhart's motion and entered judgment as follows:

"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court:

"A. The 'Plan for Reorganization of Concord Community Schools' adopted by the Board of School Trustees of the Defendant, CONCORD COMMUNITY SCHOOLS, on November 30, 1967, approved by the Indiana State Commission for the Reorganization of School Corporations on April 2, 1968, and approved by registered voters in a petition which was filed in the Office of the Clerk of the Circuit Court of Elkhart County, Indiana, on the 22nd day of May, 1967, was and is null and void insofar as it attempts to remove the real estate described in Paragraph B below from within the territorial boundaries of Relator, Elkhart Community Schools, and to place the same within the territorial

boundaries of the Defendant, Concord Community Schools, for school purposes, tax revenues or otherwise.

"B.   Each of the three (3) following described tracts of real estate, to-wit. . . ."

The trial court based this summary judgment in part upon a special finding that there is no right or power or authority in Concord or the Commission to "circumvent and destroy the effect of an opinion in a case decided by the Indiana Supreme Court". This ground alone, supported by the record as it is, is alone sufficient to sustain the judgment of the trial court that the actions of the Commission attempting to remove the disputed territory from the Elkhart School district be invalidated and declared to be of no legal force. This is so, because it was the intention of Concord and the Commission to nullify a decision of this Court and this intention is clear first, from the content of the resolution and plan as approved, dealing as they do solely with granting Concord the right to serve the exact territory granted to Elkhart by decision of this Court, and, second, from the fact that the action of the Commission here challenged occurred only a few weeks after this Court's decision. The Commission by its actions, sought to alter a decision of this Court. This the Commission has no authority to do. *Progressive Improvement Association of Downtown Terre Haute* v. *Catch All Corporation, West Terre Haute Laundry, Inc.* (1970), Ind., 258 N. E. 2d 403; *State ex rel. Hovey* v. *Noble* (1888), 118 Ind. 350, 21 N. E. 244. Appellants contend that Section 11 of the School Reorganization Act authorized the Commission to take the action here challenged. It is true that the Commission has authority delegated to it by the Legislature to alter the boundaries between existing School Corporations under the conditions there specified, however, that section cannot be lawfully construed to authorize the Commission to alter and deny conclusiveness to a court judgment.

The judgment of the trial court is affirmed and the costs of this action are ordered taxed against appellants.

Arterburn, C.J. and Prentice, J., concur; Hunter, J., dissents with opinion; Givan, J., not participating.

DISSENTING OPINION

HUNTER, J.—I must respectfully dissent. I agree with the majority's holding that the State Commission and Concord Schools cannot circumvent the conclusiveness of a judgment of this court; but, I feel that by our decision we would uphold the majority's erroneous interpretation of the controlling law as applicable to the facts in the previous decision concerning these parties, *School City of Elkhart, et al.* v. *State of Indiana ex rel. Concord Community Schools, et al.* (1967), 248 Ind. 511, 227 N. E. 2d 672. In my view we thus compound the error which we there committed. I need not extensively reiterate my stance as stated in my dissent to the prior decision. The previous decision affirmed the right of one community school corporation to *unilaterally* annex a portion of another community school corporation already in existence. This I feel is contrary to the "Bodine Act" of 1963, IC 1971, 20-4-4 (Ind. Ann. Stat. § 28-3601 *et seq.* [1970 Repl.]), which I still maintain provides the only operable guidelines for determining the issues of the case and should be controlling. Both parties in the previous suit asked that the case be decided on the merits, but the majority summarily brushed aside the issues *based on the facts* as it wandered through a vague discussion of public policy. Once again in the instant decision the majority seeks the way of expediency. Given an opportunity to re-evaluate its previous position, the majority completely avoids an examination on the merits.

Under no circumstances can I accede to the sanction of our previous decision as ruling precedent law. In my view, by committing a second legal wrong we do not make it legally right.

NOTE.—Reported in 271 N. E. 2d 468.