STATE OF INDIANA ON THE RELATIONS OF AND FOR THE USE OF
CONCORD COMMUNITY SCHOOLS, ELKHART COUNTY, INDIANA
*v.* ELKHART COMMUNITY SCHOOLS, ET AL.

[No. 3-972A66. Filed August 6, 1973. Denial of Petition for Writ of
Certiorari to Indiana Supreme Court by U.S. Supreme Court
January 7, 1974.]

*Richard F. Joyce, Kizer and Neu,* of Plymouth, for appellant.
*Alphonse J. Spahn, Bontrager, Spahn, Atwater & Arko,* of
Elkhart, *Philip E. Byron, Jr., Byron & Daniels,* of Elkhart,
for appellee Elkhart Community Schools.

HUNTER, J.—Again, I must respectfully dissent from the
majority's view in denying transfer in this cause and in so
doing, I am restating *in toto* my dissent filed in the *School
City of Elkhart* v. *State ex rel. Concord Schools,* reported in
248 Ind. at page 515:

DISSENT TO DENIAL OF PETITION TO TRANSFER

"HUNTER, C.J.—I respectfully dissent from the majority
opinion. The opinion by stressing the public policy phase of
the School Corporation Reorganization Act of 1959 as
amended in a general sense has in my opinion overlooked
or disregarded some rather far reaching and limiting legis-
lation adopted subsequent to and in many instances con-
current with amendments to said Act.

"The appellants take the position that the case of *Metro-
politan School District of Concord Township* v. *State ex
rel. School City of Elkhart* (1963), 244 Ind. 232, 191 N. E.
2d 701 is controlling of the issues presented by this appeal.
They assert that no applicable statute has been enacted
by the legislature since that would change the law as laid
down in said case. The appellants also state that this is
recognized in the plans under which Concord Community
Schools and Elkhart Community Schools came into exist-
ence.

"The Concord plans provide:
    " 'The boundaries of the proposed community school
    district shall be those of Concord Township exclusive of
    the Civil City of Elkhart.'
"The plan under which Elkhart Community Schools came
into existence provides:
    " 'The boundaries of the Elkhart Community Schools shall

be those of Cleveland Township, Osolo Township, Washington Township and the Civil City of Elkhart combined as one unit.'

"The appellants then assert that '. . . both plans indicate that the boundaries are to be based upon the boundaries of the Civil City of Elkhart. As known to all, boundaries change with annexation . . .' These are the answers posed about events since *July 11, 1963*. In other words the argument seems to be that Elkhart Community Schools are created in perpetuity consistent with any and all annexations to the City of Elkhart now and hereafter effected at least under present law. And indeed the majority opinion seems to lend support to such a theory of the law as advanced. The appellants assert '. . . Nothing has happened . . .' to change the applicability of the rules enunciated in the *Metropolitan School case, supra,* and that the rules there laid down are expressly applicable to this appeal.

"The appellants advance a surprisingly simple argument in relation to said *Metropolitan* school case, *supra.* They simply state that since there was involved in said case the predecessor of Concord Community Schools, namely, Metropolitan District of Concord Township, and the predecessor of Elkhart Community Schools, namely, School City of Elkhart, that nothing has changed. True there was involved civil city annexations of territory out of Metropolitan School District of Concord Township and this court in holding that 1957 Act (§ 28-3727 et seq. Burns) was applicable, found that the civilly annexed areas there involved were transferred to the School City of Elkhart by reason of such civil annexation. However to say that nothing has changed or happened since to change the application of that case to issues before us, is to avoid recognition of several specific and pertinent facts as follows:

"1. The 1957 Act does not apply for the reason that the *annexing school corporation* is a *community school corporation,* namely Elkhart Community Schools, and not a School City;

"2. There is not involved here a Metropolitan School from whom land is being civilly annexed but rather a community School corporation, namely, Concord Community Schools;

"3. The Bodine Act was enacted *March 14, 1963* (§ 28-6203 et seq.) which in effect deprives a city school corporation under the 1957 Act of taking land from a community school corporation without its consent.

"4. Neither the County Committee for the Reorganization of School Corporations nor the State Commission, or both, acting in consort, have any right to take territory from an established community school corporation and transfer it to another school corporation.

"The statute considered by this court in the *Metropolitan School District* case, *supra*, § 28-3727 reads as follows:

" 'Annexed territory—Definitions.—As used in this act (§§ 28-3727—28-3731), the following terms shall have the following meanings:

" '(a)   "City" or "town" *shall be a city* or town *which conducts its school as school city* or school town or *as part of a consolidated or metropolitan school corporation.*

" '(b)   *"Annexing school corporation"* shall be the *school corporation of any city* or town *which annexes territory.*

" '(c)   "Original school corporation" shall be a school corporation from whom territory is annexed.

" '(d)   "Annexed territory" shall be the territory annexed from an original school corporation by such city or town.

" '(e)   "Tax receipts" shall be the amounts received from the tax levy for the tuition and special school funds by the original school corporation from the annexed territory.'

"It is my view that the specific definitions of 'city' or 'town' and 'annexing school corporation' contained in the 1957 Act as amended are especially significant when directed to the issues presented by this appeal. The only *school corporations involved* in this appeal are *community school corporations* organized under the comprehensive plan for reorganization of the Elkhart County School Corporations. They are clearly outside the four corners of the above statute.

"It should be borne in mind that said Act was the deciding factor in this court's determination of issues presented in the *Metropolitan School District* case, *supra*. It also appears to be a logical conclusion that the 1957 Act was directed as a cure to the confusion then existing as a result of the case of *Ft. Wayne Community Schools* v. *State ex rel., etc.* (1959), 240 Ind. 57, 159 N. E. 2d 708. In that case this Court held

" 'that the finding and judgment of the lower court were correct in holding that for school purposes the territory annexed by the city of Ft. Wayne in the annexation pro-

ceedings remained under the jurisdiction of appellee, New Haven Public Schools, and did not by reason of the civil annexation come within the jurisdiction of appellant, Ft. Wayne Community Schools.'

"In the above case this Court in arriving at its decision had before it for interpretation such earlier statutes as Ch. 109 of the Acts of 1893 as amended, Burns' § 28-3304 et seq., Ch. 219 of the Acts of 1927 and amendments thereto (found in Burns' § 28-3305), Ch. 158 of the Acts of 1935 (found in Burns' § 28-3305(a) 1948 Replacement) and the School Consolidation Act adopted in 1947 and amendments thereto (found in Burns' § 28-5901 et seq.) which was a general consolidation act as it applied to towns, city and township schools. Since none of such earlier acts as referred to above specifically mentioned or attempted to deal with the acquisition of property and territory of a consolidated school corporation, in annexation proceedings by a civil unit of government, this court concluded as above set forth that such civil annexation did not effectuate a change of such annexed area from the New Haven school to the Fort Wayne school.

"Thus it would appear that whatever the intent of the General Assembly might have been in the adoption of the 1957 Act as amended in effect it nullified the decision of this Court in said *Ft. Wayne Community School* case, *supra.* The Acts of 1893, 1919, 1927 and 1935 explicitly were repealed by amendment to the 1957 Act effective March 9, 1959. On the same day the Indiana General Assembly enacted Ch. 89 Burns § 28-3365 et seq.

"It therefore seems highly significant that when the 1959 General Assembly expressly repeated the above and aforementioned Acts by the adoption of Ch. 89 of the Acts of 1959, it also included the following:

" '28-3369. Construction of Act—This act (§§ 28-3365 —28-3369) shall not be construed to permit or prohibit any annexation, except as provided in section 4 (§ 28-3368), or to determine whether or to what extent any action by any civil city or town shall cause territory in an original school corporation to be acquired by another school corporation.'

"As was hereinbefore mentioned the definitions in such 1957 Act as amended are expressly significant as hereinabove set forth. It is said Act on which the appellants rely to effectuate a transfer of the civilly annexed areas from the Concord Community Schools to the Elkhart Community

Schools in the instant case. It seems obvious that the definitions of 'city' or 'town' embracing as they do school city, school town, part of a consolidated or metropolitan school corporation could in no way embrace 'community school corporations' for civil city annexation purposes. The annexing school corporation, namely Elkhart Community Schools, and the 'original school corporation,' namely Concord Community Schools, were both created and organized under Ch. 202 of the Acts of 1959 as amended (the same being the School Corporation Reorganization Act) and found in Burns' § 28-6101 et seq. clearly do not fall within the four corners of the 1957 Act as amended.

"The Indiana General Assembly of 1963 enacted Ch. 296 (commonly referred to as the 'Bodine Act') Burns' § 28-6201 et seq. and thereby set forth legislation which, in my opinion, is controlling of the issues presented in this appeal and the pertinent sections thereof are set forth as follows:

" '28-6201. Definitions.—As used in this act (§§ 28-6201—28-6208), the following terms shall have the following meanings:

" '(a) "School corporation" shall be any school corporation created pursuant to chapter 202, Acts 1959 (§§ 28-6101—28-6131), as originally adopted or as from time to time amended, and shall also be any other school corporation established under any other act or acts of the state of Indiana, which school corporation has common boundaries with any school corporation or corporations formed pursuant to chapter 202, Acts 1959, as originally adopted or from time to time amended, but shall not include any public school corporation located in whole or any part of a county containing a civil city of the first class.

" '(b) "Annex," "annexing," "annexation" and "school annexation" shall refer to any action whereby the boundaries of any school corporation are changed so that additional territory, constituting all or a part of any one or more other school corporations, is transferred to it.

" '(c) "Acquiring school corporation" shall be the school corporation which acquires territory as a result of annexation.

" '(d) "Losing school corporation" shall be any school corporation which loses territory to an acquiring school corporation by annexation.

" '(e) "Annexed territory" shall be the territory acquired by an acquiring school corporation as a result of annexation from a losing school corporation.

" '(f) "Resolution" of a school corporation shall refer to a resolution duly adopted by its governing body.

" '28-6202. Authority to annex.—Subject to the limitations and procedure set out in this act (§§ 28-6201—28-6208), any school corporation may annex territory from any other school corporation by resolutions of the acquiring and losing school corporations as provided in section 3 (§ 28-6203).

" '28-6203. Procedure for annexation—Resolution.—An annexation may be effected by any school corporation as follows:

" '(a) Both the acquiring and the losing school corporations shall each adopt a substantially identical annexation resolution. This resolution shall contain the following items:

(1) A description of the annexed territory. Such description shall as near as reasonably possible be by streets and other boundaries known by common names and need not be in addition by legal description unless such additional description is necessary to identify the annexed territory. No notice shall be defective if there is a good faith compliance with this section and if the area designated may be ascertained with reasonable certainty by persons skilled in the area of real estate description.

(2) The time the annexation takes place.

(3) Any terms and conditions facilitating education of pupils in the annexed territory, in the losing school corporation or in the acquiring school corporation . . . .

(4) Disposition of assets and liabilities of the losing school corporation to the acquiring school corporation; . . .

" '(b) After the adoption of such resolution, notice shall be given by publication on both the acquiring and the losing school corporations setting out the text of the resolution, together with a statement that such resolution has been adopted and that a right of remonstrance exists as provided herein . . . .'

"The Concord Community Schools came into existence, under the School Corporation Reorganization Act of 1959 as amended, on July 1, 1964. The Elkhart Community Schools came into existence July 1, 1966, having been approved by the voters residing in the areas specifically in-

cluded in the plan submitted to such voters May 3, 1966, for their adoption or rejection.

"The City of Elkhart enacted the following ordinances:

| "No. | Date of Enactment | Date of Last Publication |
|---|---|---|
| 2122 | January 17, 1966 | January 31, 1966 |
| 2127 | February 7, 1966 | February 21, 1966 |
| 2131 | February 28, 1966 | March 14, 1966 |
| 2145 | May 16, 1966 | May 31, 1966 |

"All of said ordinances involved specific areas within the territorial boundaries of the then existent Concord Community Schools. In fact we point out by way of reference and information that ordinance No. 2145 was enacted following the favorable vote in the primary, May 3, 1966.

"It would appear that this Court should very carefully examine and interpret the 'School Corporation Reorganization Act' of 1959 and related annexation statutes as they apply to annexation proceedings of civil city units of government and specifically to the definitions of the 'school corporations' affected thereby. The majority has not discussed the issues presented in this appeal and has thereby created a vacuum in the area of law involved here.

"It seems to this writer that the provisions of the 'Bodine Act' of 1963 as amended contain the only operable guidelines for a determination of the issues involved in the civil annexation proceedings represented by ordinances numbered 2122, 2127, 2131 and 2145. It seems to me that said ordinances can not operate to effect an automatic transfer of the territorial areas of the Concord Community Schools to the Elkhart Community Schools and this Court should so hold. We should further hold that such territorial areas of the Concord Community Schools may only be transferred to the Elkhart Community Schools by a resolution of the governing bodies of said school corporations and then only under the terms and conditions set forth in the 'Bodine Act,' *supra.* Said Act is the only statute applicable to the annexation problems presented by this appeal.

"We also should hold that the rules announced in the case of *Metropolitan School District of Concord Township* v. *State ex rel. School City of Elkhart, supra,* are not controlling of the questions presented here *re* annexation of territory from one community school corporation to another such corporation organized under the 'School Corporation Reorganization Act' of 1959, ch. 2002 thereof, or from any school corporation organized under any other act and having

common boundaries with such corporation organized under ch. 202, Acts 1959 except by joint resolutions of both said corporations; and under no circumstances should such a transfer of school territory be effected by the unilateral action of annexation of a civil city from such a community school corporation.

"I believe it is the duty of this Court to meet and dispose of the legal issues of the case as presented to us by the parties and it is my position that the majority has failed to do so. It further occurs to me that the majority, in evading any realistic discussion of such issues, has adopted what appears to be a rule of expediency applicable only to the case at bar. The matters discussed in this dissent have been ably and exhaustively presented by counsel for both parties in this case and judicial responsibility would seem to require that this Court judicially dispose of such issues. In other words the opinion adopted by this Court should be something more than an *ad hoc* decision. Counsel are to be commended for the excellence of their briefs.

"The parties hereto have requested this Court to rule on the merits of their legal rights under the various statutes and case law under the Declaratory Judgment Act presented in the briefs as well as the case in equity all of which were submitted to the trial court.

"Therefore, I would affirm the trial court in granting the injunctive relief; and I would determine the law to be with the Concord Community Schools and against the Elkhart Community Schools in the submission of this cause on its merits pursuant to the Declaratory Judgment Act."

And I dissented to this Court's refusal to grant rehearing in the case at page 524, and again, I dissented in the case of *Concord Community Schools, Elkhart County, Indiana, et al.* v. *State of Indiana, on the relation of Elkhart Community Schools, Elkhart County, Indiana et al.*, 271 N. E. 2d 468, 256 Ind. 667, as follows:

"I must respectfully dissent. I agree with the majority's holding that the State Commission and Concord Schools cannot circumvent the conclusiveness of a judgment of this court; but, I feel that by our decision we would uphold the majority's erroneous interpretation of the controlling law as applicable to the facts in the previous decision concerning these parties, School City of Elkhart et al. v. State of Indiana ex rel. Concord Community Schools et al. (1967),

248 Ind. 511, 227 N. E. 2d 672. In my view, we thus compound the error which we there committed. I need not extensively reiterate my stance as stated in my dissent to the prior decision. The previous decision affirmed the right of one community school corporation to *unilaterally* annex a portion of another community school corporation already in existence. This I feel is contrary to the 'Bodine Act' of 1963, IC 1971, 20-4-4-1 et seq. (Ind. Ann. Stat. § 28-3601 et seq.) which I still maintain provides the only operable guidelines for determining the issues of the case and should be controlling. Both parties in the previous suit asked that the case be decided on the merits, but the majority summarily brushed aside the issues *based on the facts* as it wandered through a vague discussion of public policy. Once again in the instant decision the majority seeks the way of expediency. Given an opportunity to re-evaluate its previous position, the majority completely avoids an examination on the merits.

"Under no circumstances can I accede to the sanction of our previous decision as ruling precedent law. In my view, by committing a second legal wrong we do not make it legally right."

In conclusion, I am of the opinion that the Judiciary should always be pervious to demonstration of original error, and consequently, where Judicial error is apparent, it should be judicially corrected for not to do so is to indulge the principle of the "aristocracy of the robe." *Jenkins* v. *Review Board of Ind. Emp. Sec. Div.,* 138 Ind. App. 12, 23, 211 N. E. 2d 42.

As stated by Justice Cardozo, "The tide rises and falls, but the sands of error crumble." Cardozo, *The Nature of the Judicial Process,* p. 177.

Notwithstanding my recognition of the principles of *res judicata,* it is now my view that by committing a third legal wrong, we do not make such original error legally right.

NOTE.—Reported in 299 N. E. 2d 829.