INDIANA BOARD OF PHARMACY *v.* HOOK DRUGS, INC.

[No. 30,059. Filed November 1, 1961. Rehearing denied December 14, 1961.]

*Edwin K. Steers,* Attorney General, *Richard C. Johnson* and *Robert W. McNevin,* Deputy Attorneys General, for appellant.

*Robert D. Risch, John A. Grayson,* and *Ross, McCord, Ice & Miller,* of counsel, all of Indianapolis, for appellee.

BOBBITT, J. —Appellee bought this action under Acts 1947, ch. 365, §18, p. 1451, being §63-3018, Burns' 1951 Replacement, to review an order of appellant, Indiana Board of Pharmacy, (hereinafter referred to as the "Board") denying appellee, Hook Drugs, Inc., d/b/a Gov-Co Drugs, a permit to operate a drug store at 3406 North Shadeland Avenue, Indianapolis, Indiana.

From a judgment of the Superior Court of Marion County, Room No. 1, setting aside the order of the Board and ordering it to issue such permit, this appeal is prosecuted.

The issues raised by the assignment of errors are all resolved by determining the meaning of the phrase "open to the public" as contained in Acts 1959, ch. 155, §2, par. 3, p. 378, being §63-1214, Burns' 1960 Cum. Supp., which provides in pertinent part, as follows:

"3. A registered pharmacist shall be in personal attendance and on duty in the drug department

of the drug store at all times when drug department is *open to the public* and be responsible for the lawful conduct of such pharmacy." (Our italics.)

Appellant asserts that the phrase "open to the public" is a mandatory requirement that a drug store must be open to the public generally before it can be operated under a permit.

Appellee contends that such phrase merely requires that a registered pharmacist be on duty when the drug department is open for business.

Acts 1959, ch. 155, §1, p. 378, being §63-1213, Burns' 1960 Cum. Supp., provides as follows:

"No person shall operate, maintain, open or establish any drug store or pharmacy in this state without first having obtained a permit so to do from the Indiana board of pharmacy."

Section 63-1214, *supra*, provides six minimum qualifications which must be established to the satisfaction of the Board in order to obtain a permit to operate a drug store. We deem it unnecessary to repeat each of them here. However, in our judgment, not one of such qualifications requires a drug store to be open to common or general use by the public.

Paragraph 3 of §63-1214, *supra*, requires that a registered pharmacist shall be in "personal attendance and on duty." When? At all times when the drug department is open for business, so that some qualified person will be responsible for the lawful conduct and operation of the drug department.

Paragraph 3 of §63-1214, *supra*, does not require that the drug department be *open to the public* but does require that when such department is open for busi-

ness it shall be operated by a registered pharmacist who shall be responsible for its operation.

Consistent with the foregoing construction of the phrase "open to the public" as used in §63-1214, *supra*, the evidence was not sufficient to support the finding of the Board, and the judgment of the trial court reversing the order based upon such finding must be affirmed.

Judgment affirmed.

Landis, C. J., Arterburn and Jackson, JJ., concur.

Achor, J., concurs in result.

NOTE.—Reported in 177 N. E. 2d 654.