STATE EX REL. CALUMET NATIONAL BANK OF HAMMOND *v.* MCCORD, ETC., ET AL.

[No. 30,272. Filed April 18, 1963.]

C. B. Dutton, Christopher Kirages, Dutton & Kappes, all of Indianapolis, Bomberger, Wilson &

*Belshaw,* of counsel, and *Wasson J. Wilson,* of counsel, both of Hammond, for appellant.

*Robert Hollowell, Hollowell, Hamill & Price,* of counsel, of Indianapolis, and *Green, Powers, Belshaw & Danko,* of Whiting, for appellee, Bank of Whiting.

*Edwin K. Steers,* Attorney General, and *Lloyd C. Hutchinson,* Assistant Attorney General, for appellees, Department of Financial Institutions and its members.

ARTERBURN, J.—This is an appeal from the dismissal of an action of mandate brought by the Calumet National Bank of Hammond to compel The Department of Financial Institutions to revoke a permit granted to the Bank of Whiting, (a state institution) to establish a branch bank in the Town of Highland, Indiana. The appellant national bank contends the department wrongfully granted the application because it already had a branch in the Town of Highland and that the granting of such permit, therefore, adversely affected the appellant. The trial court granted the appellee's motion to dismiss, apparently on the ground that the remedy, if any, which the Calumet National Bank has is through the procedure outlined by the Administrative Adjudication Act (Burns' §63-3001, *et seq.*), and not by mandate as attempted herein. Such was the ground urged in the memorandum to the motion to dismiss.

A part of the argument revolves around the question of whether or not the appellant's proper remedy was an action for an injunction rather than one of mandate against The Department of Financial Institutions for a review, if the Administrative Adjudication Act were not applicable.

At the outset, we observe that a motion to dismiss is not normally the proper procedural method of test-

ing the sufficiency of a complaint, nor for considering whether or not the plaintiff has stated a good cause of action. A demurrer is the method by which such legal questions are raised. A motion to dismiss should not be perverted for that purpose. The sustaining of a demurrer gives the plaintiff an opportunity to amend, while the sustaining of a motion to dismiss cuts off such rights which the statute would normally give a plaintiff. *State ex rel. Terminix Co. of Ind.* v. *Fulton C.C.*, (1956), 235 Ind. 218, 132 N. E. 2d 707; *Michener et ʼal.* v. *The Springfield Engine and Thresher Co. et al.* (1895), 142 Ind. 130, 40 N. E. 679; *Kaplan* v. *State ex rel. Meyer's Plumbing, Inc.* (1960), 241 Ind. 147, 164 N. E. 2d 645; *Yelton* v. *Plantz* (1948), 226 Ind. 155, 77 N. E. 2d 895; *State ex rel. Hurd* v. *Davis* (1949), 227 Ind. 93, 84 N. E. 2d 181.

It is stated in all the cases above that a court may not enter an order of involuntary non-suit or dismissal against a plaintiff except where there be a statutory ground or a total lack of jurisdiction.

In the *Terminix case, supra,* this court reviewed the proper procedural use of a motion to dismiss as well as the operation of Burns' §2-901, which specifies the statutory grounds. The exception there stated is the "inherent power of dismissal" because the court has no jurisdiction. This same proposition was repeated in *State ex rel. Hurd* v. *Davis, supra.* Needless to say, Burns' §2-901 offers no basis for the sustaining of the motion to dismiss in this case.

However, even though the motion to dismiss is improper procedurally, this court has held that such

a motion will be treated in unusual instances as a demurrer if the complaint or petition could not possibly be amended to state a good cause of action in connection with the controversy. In other words, if the facts pleaded are so palpably defective or irrelevant that they show the plaintiff has no cause of action whatever under any theory, this court will not do the useless or futile act of sending the case back merely for procedural consistency when it can be expeditiously disposed of here. *Lambert* v. *Smith, State Fire Marshal* (1939), 216 Ind. 226, 23 N. E. 2d 430; *Yelton* v. *Plantz* (1948), 226 Ind. 155, 77 N. E. 2d 895.

Such a rule treating a motion to dismiss as a demurrer can be supported only as one of sensible expediency. It must be applied with the greatest of caution and only when it is clear that no amendment or alteration of the complaint could give the plaintiff a good cause of action. Those instances are rare, but we believe such is the situation at this time before us.

The legal issue is narrowly directed to the proposition of whether or not the Administrative Adjudication Act is the exclusive procedure by which the appellant may secure a review of the granting of a permit for a branch bank. If such is the case, then the appellant cannot, under any circumstances, have a cause of action which will question the right of The Department of Financial Institutions to issue the permit in this case, which permit the appellant seeks by its writ of mandate to have that department revoke and cancel. If the Administrative Adjudication Act is applicable, the appellant's time within which to ask for a judicial review (15 days) has expired, and it has no remedy of any nature left to question the

issuance of the permit. Burns' §63-3014 states in relevant part:

"Unless a proceeding for review is commenced by so filing such petition within fifteen [15] days any and all rights of judicial review and all rights of recourse to the courts shall terminate."

The above provision supports us in the conclusion that the legal issue here may be considered under the motion to dismiss. *White* v. *Bd. of Med. Regis. and Exam.* (1956), 235 Ind. 572, 134 N. E. 2d 556.

It is the position of the appellant that the judicial review provided for is applicable only to "orders" or "determinations" by the agency under the wording of the Act (Burns' §63-3014) and does not govern judicial review of proceedings involving the application for the issuance of permits and licenses..

Burns' §63-3024 states:

"The provisions of this act ... shall not apply to the proceedings for the issuance of licenses or permits *on application* but the proceeding for such license or permit by such proceedings shall be under the provisions of the law relating to the particular agency. ..." (our italics)

On the other hand, the appellee contends that this section does not remove licensing from the Act, but that it only provides that the *initial proceeding* before the agency shall follow the law of the particular agency and that after the granting or denial of the license, the Administrative Adjudication Act becomes applicable for judicial reviews.

It will be noted in this case, as in many other administrative matters, that the granting or denial of a license under the particular law of the agency follows certain notices and hearings peculiar to the

agency. In this case the banking act specifically provides for notice and a public hearing on a permit for the establishment of a branch bank. Certain criteria are set out in the statutes that must be met. Burns' §18-1707. The Administrative Adjudication Act does provide (Burns' §63-3014):

> "Any party or person aggrieved by any order or determination made by any such agency shall be entitled to a judicial review thereof in accordance with the provisions of this act. . . ."

It seems to us that the wording "any order or determination" is applicable to the final administrative decision, after a hearing, made upon the issuance of or denial of a permit or license; otherwise, we are left with a void in the statutes as to what proceeding, if any, can be followed for a judicial review.

Burns' §63-3003 provides:

> "*Determination of rights, duties, obligations, privileges or other legal relations by agencies.* In every administrative adjudication in which the rights, duties, obligations, privileges or other legal relations of any person are required or authorized by statute to be determined by any agency the same shall be made in accordance with this act. [§§63-3001—63-3030] and not otherwise. [Acts 1947, ch. 365, §3, p. 1451.]"

The appellee has cited us numerous cases where, upon denial or revocation of a permit or license, we have held that the Administrative Adjudication Act is applicable for judicial review.

Thus, *Board of Medical Registration and Exam.* v. *Armington* (1961), 242 Ind. 436, 178 N. E. 2d 741 involved a proceeding for review of a revocation of a license to practice medicine; *Indiana Board of Pharmacy* v. *Hook Drugs, Inc.* (1961), 242 Ind. 287, 177

N. E. 2d 654 involved a review from an order denying a license to operate a drug store; *Indiana Board of Pharmacy* v. *Horner* (1961), 241 Ind. 326, 172 N. E. 2d 62 involved a review of a revocation of a license of a pharmacist for gross immorality; *Grether* v. *Ind. State Bd. of Dental Examiners et al.* (1959), 239 Ind. 619, 159 N. E. 2d 131 involved a review of a revocation of a license to practice dentistry; *Knoy* v. *Ind. Real Estate Comm. et al.* (1959), 239 Ind. 379, 157 N. E. 2d 825 involved a review of a proceeding to suspend the license of a realtor. See also: *White* v. *Bd. of Med. Regis. and Exam.* (1956), 235 Ind. 572, 134 N. E. 2d 556.

It is conceded that in the case of a denial or revocation of a permit or license, the Administrative Adjudication Act must be followed in securing a judicial review after the final hearing before the administrative body; yet it is argued that the granting of a permit or license cannot be reviewed under the provisions of the Act. There appears to us to be no reason for the difference and the splitting of the procedure for review in such cases. There is sound reason why in the initial granting of a permit the law applicable to the particular board should govern, since the standards for the grant differ with each board due to the peculiar character of its subject matter. The conditions for granting a branch bank permit, needless to say, differ from that in granting a physician's license or a building permit. We believe a full reading of the Administrative Adjudication Act reflects the intention that a judicial review under that act shall be applicable following the final hearing of such administrative body, whether the permit or license be granted or denied. A reading of the Act discloses an intention that it apply to all adminis-

trative determinations except those specifically excepted.

> As previously pointed out, Burns' §63-3003 provides: "In every administrative adjudication ... the same shall be made in accordance with this act ... and not otherwise."

Other sections affirmatively show that all administrative proceedings involving the issuance and denial of licenses—except the initial proceedings—are under the Administrative Adjudication Act. Burns' §63-3011 provides that the proceedings for revocation of licenses shall be heard by not less than a majority of the members of the agency. Burns' §63-3013 provides for the effective date of any revocation of a license. Burns' §63-3020 specifically states:

> "This section shall not apply *in initially determining applications for licenses or permits* or to proceedings involving the validity or application of rates, facilities or practices of public utilities or carriers nor shall it be applicable in any manner to the agency or any member of the board or body comprising the agency." (our italics)

Again, in Burns' §63-3025, "the issuance of licenses" is specified along with the assessment or determination of taxes, etc.

Although this Act has some ambiguities and is not as clear as we would desire it, we have no choice but to make a construction which we think is most logical and reasonable under the circumstances. We believe that it is the object of the Administrative Adjudication Act to provide for a uniform and orderly method of judicial review. In view of Burns' §63-3003, unless there is a very clear and

specific exception, we must hold that the Act is applicable.

The judgment of dismissal of the trial court is affirmed.

Myers, Landis and Achor, JJ., concur.

Jackson, C. J., concurs in result.

NOTE.—Reported in 189 N. E. 2d 583.