WRIGHT ET AL. *v.* KINNARD ET AL.

[No. 368A44. Filed April 1, 1969. No petition for rehearing filed.]

*Donald E. Bowen, Bowen, Myers, Northam & Givan,* of Indianapolis, for appellants.

*David S. Richey, Parr, Richey, Obremskey & Pedersen,* of Lebanon, *Theodore L. Sendak,* Attorney General, and *Anthony Champa,* Assistant Attorney General, for appellees.

SHARP, J.—The Appellants, Plantiffs below, are citizens and taxpayers of Union Township, Boone County, Indiana, and one of the Appellants-Plaintiffs was Trustee of Union School Township, Boone County, Indiana. They filed this action as taxpayers in the Boone Circuit Court on April 26, 1967, against the Appellees as members of the Boone County Committee for the Reorganization of School Corporations and against other Appellees as members of the State Commission for the Reorganization of School Corporations for the State of Indiana. The Appellants petitioned for judicial review and for a declaratory judgment against the Appellees. The salient allegations of said verified petition were that the County Committee on April 11, 1967, purported to approve a comprehensive plan for the reorganization of school corporations in Boone County, Indiana, and thereafter on April 19, 1967, the State Commission purportedly approved said plan. The heart of the Plaintiffs' verified petition is rhetorical paragraph 7, which states:

"That the said order, decision and determination of said State Commission for the Reorganization of School Corporations is attached hereto, marked 'Exhibit B' and hereof made a part.

"That the actions of the County Committee as hereinafter alleged, and of the State Commission in approving the purported Final Comprehensive Plan for the Reorganization of School Corporations of Boone County, Indiana, were:

"(1) Arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law; and

"(2) In excess of statutory jurisdiction, authority or limitations, and short statutory right; and

"(3) Without observance of procedure required by law; and

"(4) Unsupported by substantial evidence, by reason of the following facts:

"(a) That heretofore during the year 1964 the County Committee and the State Commission held hearings purporting to approve on July 28, 1964, a comprehensive plan for the reorganization of schools of Boone County, Indiana, which plan was approved as adopted by the County Committee providing for the merger of Eagle and Union Townships into a community school corporation, which plan was identical to the plan approved by the State Commission on April 11, 1967. Thereafter a verified petition for a temporary and permanent injunction and for judicial review and declaratory judgment was duly filed by these plaintiffs. On the day before the date set for hearing before Special Judge Howard Sommers for hearing on plaintiffs' application for a temporary injunction and on September 17, 1964, the State Commission held a hearing, reversed itself after a public hearing and disapproved the said comprehensive plan, which is identical with the plan which has now been again purportedly approved by the State Commission on April 11, 1967.

"(b) That after such disapproval the State Commission duly notified the County Committee of the disapproval of the plan calling for the merger of Eagle and Union Townships into a community school corporation and gave the reasons therefor as hereinafter set out herein. Later, more than 90 days thereafter, without any request on the part of the County Committee for an extension of time to the State Commission the County Committee again sought to secure the approval of the State Commission for the same identical plan as to all of its component parts to the previous plan for the merger of Eagle and Union Townships which had been disapproved. Hearings were held and thereafter the State Commission, upon a request for approval by the County Committee, after a public hearing, purported to approve a comprehensive plan on November 2, 1965, which provided for the merger of Union and Eagle Townships into a single community school corporation under a plan which is and was the same and identical plan as the plan disapproved by the State Commission on September 17, 1964, and the present plan approved by the State Commission on April 11, 1967, calling for the merger of Union and Eagle Townships into a community corporation, with-

out any change whatsoever in such plan and without any showing of evidence that there had been any change of conditions from the conditions found the date that the State Commission on September 17, 1964, had determined in passing upon the same identical plan that the Eagle and Union Community School Corporation would not further school reorganization in Boone County, Indiana, and would not give the pupils in those two proposed school corporations equal educational opportunity nor provide the equalization of tax support thereof.

"That such previous order of disapproval of the previous proposed merger of Eagle and Union Townships as shown by the minutes of the State Commission recited that such disapproval was ordered by the State Commission 'for the reason that . . . the Eagle-Union Community School Corporation would not further school reorganization in Boone County and would not give the pupils in those two school corporations equal educational opportunity nor provide the equalization of tax support thereof.'

"(c) Later, more than 90 days thereafter, on May 26, 1965, and eight months thereafter, without any extensions or requests for extensions of time granted by the State Commission, the State Commission upon the request of the County Committee again purported to adopt an identical plan purporting to provide for a merger of Eagle and Union Townships of Boone County, Indiana. The said State Commission, again later on November 2, 1965, entered an order and finding purporting to approve the same identical plan for the merger of Eagle and Union Townships. Thereafter the plaintiffs herein duly filed a verified petition for judicial review as well a complaint for restraining order, temporary injunction, permanent injunction and for a declaratory judgment, the same being causes numbered 24329 and 24339 in the Boone Circuit Court, respectively.

"That a change of venue was duly granted in said causes and both of said causes were transferred to the Clinton Circuit Court on change of venue and consolidated for trial on request of the State Commission.

"That following extended hearings in the Clinton Circuit Court an opinion, finding and judgment was rendered therein in the Clinton Circuit Court by Judge Everett Lucas, a copy of which opinion, finding and judgment is attached hereto, marked 'Exhibit C' and hereof made a part. That by this finding and judgment of the Clinton Circuit Court which shows that the order, decision and determination

of the State Commission for the Reorganization of School Corporations was contrary to any statutory authority given to the State Commission—in that the final comprehensive plan purportedly approved by the State Commission was not a revised plan as is required by the provisions of said aforementioned statute within 90 days after notification of previous nonapproval.

"All of the defendants in this proceeding were defendants in such consolidated causes of action in the Clinton Circuit Court, the same being causes numbered 19349 and 19350 in the Clinton Circuit Court. That said aforementioned judgment in said consolidated cause was not appealed from and is a valid, binding and final judgment against the defendants herein.

"That by its judgment and order the Clinton Circuit Court adjudged that the statute was valid and binding on the State Commission, that if any reorganization plan or part thereof submitted by any County Committee is found by the State Commission to be unsatisfactory, the State Commission shall so notify the County Committee concerned within 60 days after the time of the public hearing stating the reasons for nonapproval or partial nonapproval and upon the request of the County Committee the State Commission shall assist said County Committee in revising the plan so as to make it satisfactory, and that 'Such revised plan shall be resubmitted to the state commission by the county committee within ninety (90) days after notification of nonapproval.'

"Appellants allege that the County Committee and State Commission under the final judgment in the Clinton Circuit Court do not possess the statutory power, jurisdiction and authority to resubmit the same identical plan again as has been done in the instant case, and therefor the purported adoption of the plan by the County Committee, and purported approval of the same on April 11, 1967, is extremely arbitrary, capricious and an abuse of discretion; otherwise, not in accordance with law and in excess of statutory jurisdiction, authority or limitations or short of statutory right and without observance of procedure required by law, and that the judgment of the Clinton Circuit Court is a valid and binding judgment which prohibits the County Committee and the State Commission from proposing and approving the same identical plan, without revision, which has been attempted on the numerous occasions as heretofore set out herein.

"(d) Plaintiffs further allege that the purported approval of the State Commission on April 11, 1967, is wholly unsupported by any substantial evidence in that it does not contain any informal finding of facts, and that the State Commission and the order of the State Commission that the merger of Eagle and Union Community School Corporations would not 'further school reorganization in Boone County and would not give the pupils in those two proposed school corporations equal educational opportunity nor provide equalization of the tax support thereof,' is still valid and binding, and that no evidence was received to show at the later hearing of the State Commission that there was any change as to the conclusions which were found by the State Commission to exist in its order disapproving the identical proposed merger of Eagle and Union Townships on September 17, 1964.

"(e) Plaintiffs further allege that the actions of the County Committee and the State Commission as set forth herein were arbitrary, capricious and an abuse of discretion and otherwise not in accordance with law and in excess of statutory jurisdiction, authority or limitations, and short of statutory right and without the observance of procedure required by law, and unsupported by substantial evidence for the further reason that there was a failure on the part of the County Committee to follow the procedure set forth in the 'School Reorganization Act of 1959, as amended by the Acts of 1961, 1963 and 1965,' and in full force and effect on this date, and particularly Section 28-6108 of Burns' Ind. Ann. Stat., Vol. 6, Pt. 2 (1966 Cum. Sup.). The statute provides:

" 'Hearing on preliminary plans.—(5) When any county committee has prepared its preliminary written plans for reorganization of school corporations, it shall fix dates and places for one (1) or more hearings thereon and give notice thereof to all the residents of the school corporations affected and all interested parties. The county committee shall have the discretion as to whether to hold more than one (1) hearing. Such notice shall be given by the chairman of the county committee by publication at least once in one (1) newspaper of general circulation published in the school corporation or corporations, and if no newspaper is published in the school corporation or corporations, then in a newspaper having a general circulation within the school corporation or corporations, at least ten (10) days but not more than thirty (30) days prior to the date set for such hearing.'

The County Committee held a meeting on Monday, the 15th day of August, 1966, and voted to adopt a written preliminary plan when the same was not completed and the supporting data therefor as required by statute was not before the Committee, but in the process of being written in the office of the County Superintendent of Schools. At this meeting the Board purported to approve the written comprehensive plan which was not in form to be adopted and then met later on Wednesday, August 17, 1966, for the stated reason to reaffirm their adoption of a written plan, when such written preliminary plan for reorganization which included only the Eagle-Union merger was not prepared or available for inspection by the public at the time such action was purportedly taken. That such written preliminary plans were not prepared and available for the consideration of the public at least ten days prior to the time the County Committee held a public hearing after notice in a newspaper published in the school corporation to finally adopt such plan, legal notice of which was given August 17, 1966, prior to their meeting on the night of August 17, 1966. That taxpayers called for a copy of the written preliminary plan and were refused copies of same within ten days prior to the time the County Committee advertised the final hearing on the plan to be held on August 29, 1966, as published in a newspaper in the school corporation as required by law. The plan itself as introduced in evidence before the State Commission bore the date of August 15, 1966, when, in fact such plan was not even prepared or written on the date of August 15, 1966.

"That by reason thereof the defendants have been deprived by lack of sufficient legal notice as provided by law, which guarantees in its stated purposes that the electors of each school corporation shall have the right of participation in the purported reorganization plan.

"That by reason of the acts and procedures of the County Committee which were called to the attention of the State Commission in written objections filed and by testimony at the hearing before the State Commission, the State Commission is without power and jurisdiction to enter the order, determination and decision approving the Eagle-Union merger dated April 11, 1967, and the same is contrary to law.

"(f) That the law grants to the State Commission jurisdiction to consider after disapproval only a revised plan. The statute by its express terms requires a revision of such

plan upon the disapproval by the State Commission of the same identical plan.

"(g) Plaintiffs further allege that the action of the State Commission in approving the purported revised comprehensive plan for the reorganization of school corporations on April 11, 1967, calling for the merger of Eagle and Union Townships was arbitrary, capricious and an abuse of discretion and otherwise not in accordance with the law, and unsupported by substantial evidence in that such action was taken with the full knowledge of the record of proceedings before the County Committee and the State Commission and the consolidated causes of action in the Clinton Circuit Court, to which the County Committee and State Commission and the members thereof were parties thereto and which judgment was unappealed from and the time for appeal has long since expired, and which parts were later called to the attention of the State Commission by these plaintiffs, and the action therefore by said defendants constitutes an arbitrary, capricious and illegal action by said State Commission contrary to the School Reorganization Act of the State of Indiana and contrary to the judgment heretofore set out herein of the Clinton Circuit Court which was final and binding on defendant State Commission.

"(h) That the purported final comprehensive plan of the reorganization of school corporations in Boone County, Indiana, providing for the merger of Eagle and Union Townships into a community school corporation was approved April 11, 1967, and the record of the proceedings in the hearings before the County Committee and before the State Commission do not show that matters were explained at the County Committee hearings, as are required by the provisions of Sec. 28-6106, Burns' Ind. Stat. Ann., Vol. 6, Pt. 2 (1965 Cum. Sup.), as to the educational improvements its adoption would make possible, when in truth and in fact, with full knowledge of the records on file in this proceeding, and available to the County Committee and State Commission, the plan rather than providing equalization of educational opportunities deprives these plaintiffs and residents of Union Township of proper educational facilities, and the tax rate to the residents of Union Township will be so greatly increased as to constitute arbitrary, unreasonable and confiscatory taxes for the support of the proposed community school corporation of Eagle and Union Townships.

"(i) That the plan providing for the merger of Eagle and Union Townships approved April 11, 1967, as aforesaid,

into a community school corporation which was approved by the order and decision complained of in this proceeding is identical to the plan disapproved on September 17, 1965, and later ruled illegal following the several later attempts to have such a plan approved as set forth herein in the finding and judgment of the Clinton Circuit Court as set out herein.

"For the reasons hereinbefore alleged, plaintiffs pray that upon judicial review, the Court adjudge and determine that the actions of the State Commission were arbitrary and capricious and an abuse of discretion and otherwise not in accordance with law and in excess of statutory jurisdiction, authority and limitation and short of statutory right and without observance of procedure required by law and unsupported by substantial evidence, and that the Court enter its declaratory judgment that the action of the State Commission in purported approving the merger of Eagle and Union Townships on April 11, 1967, is invalid and of no legal effect, and that the said order, determination and decision of the State Commission of April 11, 1967, be set aside, and the plaintiffs recover their costs herein and all other proper relief."

On July 6, 1967, the Appellees-Defendants, Boone County Committee, filed a Motion to Dismiss the verified petition of Appellants and thereafter the Attorney-General of the State of Indiana filed a Motion to Dismiss the action as to all Defendants on February 5, 1968. The essence of both motions to dismiss was to the effect that the Appellants were not entitled to relief under the provisions of the Administrative Adjudication of Judicial Review Act, the same being Acts 1947, ch. 365, Burns' Ind. Stat. Ann., § 63-3001, *et seq.* On February 13, 1968, the trial court entered the following order:

"And the Court being duly advised now sustains defendants' respective motions to dismiss to which plaintiffs except and that plaintiffs take nothing by their complaint and that plaintiffs pay the costs taxed at $————. Judgment accordingly that plaintiffs take nothing by their complaint and that complaint be and is dismissed at plaintiffs' cost taxed at $————."

On March 14, 1968, the Appellants filed Assignment of Errors, which alleged:

"1. The court erred in sustaining the MOTION TO DISMISS OF THE DEFENDANTS, WALTER O. KINNARD, ARTHUR W. SHIRLEY, WENDELL MORTON, PAUL J. SWANK, LELAND HACKETT, ASHER CONES, O. E. RAY, DONALD APPLEGATE AND ERNEST SCHOCKLEY, as Members of and Constituting the Boone County Committee for the Reorganization of School Corporations.

"2. The court erred in sustaining the MOTION THAT ACTION BE DISMISSED AS TO ALL DEFENDANTS, of the Defendants Bryce Bottom, Richard E. Wells, John J. Dillon, Herbert Holmes, Amelia G. Cook, Chester Biddle, Custer Baker, J. William Chambers and Dick Heller, Jr., members of and Constituting the State Commission for the Reorganization of School Corporations of the State of Indiana.

"3. The court erred in sustaining the defendants' respective motions to dismiss.

"4. The court erred in dismissing the complaint of the plaintiff."

The trial court apparently dismissed the verified petition for judicial review on the basis of the majority opinion in *LeRoy v. State Commission for the Reorganization of School Corporations,* 249 Ind. 383, 231 N. E. 2d 212 (1968) (decided November 1, 1967, rehearing denied January 18, 1968). See also the dissenting opinion of Judge Hunter concurred in by Judge Arterburn at pages 213-221 of 231 N. E. 2d.

The basic issue to be decided by this court is whether or not the dismissal of the Appellants' verified petition for judicial review and for declaratory judgment was proper. In order to sustain such a dismissal of the verified petition without a trial on the merits it must be determined that the Boone Circuit Court could determine from an examination of the face of said verified petition that it did not have jurisdiction over the subject matter of this case. The standard to guide the trial court in considering

such a dismissal is well stated by Judge Arterburn in *State ex rel. Calumet National Bank v. McCord*, 243 Ind. 626, 628, 189 N. E. 2d 583, 584 (1963):

> "At the outset, we observe that a motion to dismiss is not normally the proper procedural method of testing the sufficiency of a complaint, nor for considering whether or not the plaintiff has stated a good cause of action. A demurrer is the method by which such legal questions are raised. A motion to dismiss should not be perverted for that purpose. The sustaining of a demurrer gives the plaintiff an opportunity to amend, while the sustaining of a motion to dismiss cuts off such rights which the statute would normally give a plaintiff. *State ex rel. Terminix Co. of Ind. v. Fulton C. C.* (1956), 235 Ind. 218, 132 N. E. 2d 707; *Michener et al. v. The Springfield Engine and Thresher Co. et al.* (1895), 142 Ind. 130, 40 N. E. 679; *Kaplan v. State ex rel. Meyer's Plumbing, Inc.* (1960), 241 Ind. 147, 164 N. E. 2d 645; *Yelton v. Plantz* (1948), 226 Ind. 155, 77 N. E. 2d 895; *State ex rel. Hurd v. Davis* (1949), 227 Ind. 93, 84 N. E. 2d 181.

> "It is stated in all the cases above that a court may not enter an order of involuntary non-suit or dismissal against a plaintiff except where there be a statutory ground or a *total* lack of jurisdiction.

> "In the Terminix case, *supra,* this court reviewed the proper procedural use of a motion to dismiss as well as the operation of Burns' § 2-901, which specifies the statutory grounds. The exception there stated is the 'inherent power of dismissal; because the court has no jurisdiction. This same proposition was repeated in *State ex rel. Hurd v. Davis, supra.* Needless to say, Burns' § 2-901 offers no basis for the sustaining of the motion to dismiss in this case." (Our emphasis.)

From an examination of the face of the complaint in the instant case it is clear that the relief sought is not exclusively based upon the Administrative Adjudication and Court Review Act, Burns' Ind. Stat. Ann., § 63-3001.

We cannot say as a matter of law, as was stated in *State ex rel. Calumet National Bank v. McCord, supra,* that the verified petition in this case could not possibly be amended

to state a good cause of action in connection with the controversy.

The statutory grounds for the dismissal are contained in § 2-901, Burns' Ind. Stat. Ann. There can be no question that the dismissal of this case by the trial court does not fall into any of the categories listed in that statute. However, as indicated in *State ex rel. Calumet National Bank v. McCord, supra,* the trial court does have inherent power to dismiss an action where it lacks jurisdiction over the subject matter. However, from an examination of the Appellants' verified petition we cannot say as a matter of law that the trial court lacked such jurisdiction over the subject matter.

It is equally apparent that the School Reorganization Act, Burns' Ind. Stat. Ann., § 28-6101, *et seq.,* provides for very limited judicial review and when its provisions are coupled with the majority opinion in *LeRoy v. State Commission for the Reorganization of School Corporations, supra, a* further limitation is imposed upon the judicial review available under the School Reorganization Statute.

In *State ex rel. Jones v. Johnson Circuit Court,* 243 Ind. 7, 12, 181 N. E. 2d 857, 860 (1962), our Supreme Court, speaking through Judge Achor, stated:

"And although individual citizens have no vested property right in the continuation of a political subdivision of the state in its present form, nevertheless, the individuals so affected may, as a class or on behalf of the state, require that the procedure prescribed for changing such political subdivisions be followed. *Woerner v. City of Indianapolis* (Ind. 1961), 177 N. E. 2d 34, 36, and cases cited therein.

"The establishment of a community school corporation, as here under consideration, being a special statutory proceeding, the procedural requirements prescribed in the act must be strictly followed. The court has no authority to ignore such procedure or adopt a different method of procedure. *State ex rel. M. West Ins. Co. v. S. Ct. of Marion Co.* (1952), 231 Ind. 94, 100, 106 N. E. 2d 924, 927; *State*

*ex rel. Gary v. Lake Sup. Ct.* (1947), 225 Ind. 478, 493, 76 N. E. 2d 254, 261 and cases cited therein."

In *State of Indiana et al. v. LaRue's, Inc., etc., et al.,* 239 Ind. 56, 64, 154 N. E. 2d 708, 712 (1958), the Indiana Supreme Court, speaking through Judge Emmert, stated:

> "Appellant, the State of Indiana, contends that the trial court had no jurisdiction to enter a declaratory judgment as to it in its sovereign capacity. The Uniform Declaratory Judgment Act of 1927, §§ 3-1101 to 3-1116, Burns' 1946 Replacement, does not make the State in its sovereign capacity subject to such an action. Borchard, Declaratory Judgments (2d ed.), p. 374. There must be statutory authority for making the State a party defendant. *State ex rel. Indiana Dept. of Conservation v. Pulaski C. Co.,* (1952), 231 Ind. 245, 251, 108 N. E. 2d 185; *State v. Young,* (1958), 238 Ind. 452, 151 N. E. 2d 697, 700. However, there is no reason why the *state's officers* and *agents* may not be a party to an action for a declaratory judgment, and we hold the judgment was proper as to them." (Our emphasis.)

It is therefore possible in a proper case that an action under the Uniform Declaratory Judgment Act, Burns' Indiana Statutes Annotated, Sections 3-1101 through 3-1116, may be brought against the state officers and agents but not against the State of Indiana in its sovereign capacity. In *State ex rel. v. LaRue's, Inc., supra,* it appears that in addition to bringing the declaratory judgment action against the State in its sovereign capacity the action was also brought against the State and County Alcoholic Beverage Commissions and Boards. Therefore, in a proper case the members of a County Committee for the Reorganization of a School Corporation and the members of the State Commission for the Reorganization of School Corporations could be made party defendants to a declaratory judgment action.

In *School City of Elkhart v. State,* 248 Ind. 511, 227 N. E. 2d 672 (1967), the Declaratory Judgment Act was precisely the vehicle used in regard to the creation of a Community School Corporation, although on the merits it was deter-

mined that the plaintiffs in that case were not entitled to the relief sought. See also, *Metropolitan School District of Concord Tp. v. State*, 244 Ind. 232, 191 N. E. 2d 701 (1963) and *Zoercher v. Agler*, 202 Ind. 214, 172 N. E. 186 (1930).

In *State ex rel. City of Marion v. Grant Circuit Court, et al.*, 239 Ind. 315, 317, 157 N. E. 2d 188, 189 (1959), the court stated:

> "Since the landmark case of *Warren v. Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399, it is well settled that the right of a party to judicial review is not subject to the grace of the legislative branch of the government. Relators make reference to the dissenting opinion of Morris, J. in *Ex parte France* (1911), 176 Ind. 72, 95 N. E. 515, discussing many instances where there is allegedly no right of appeal in the absence of statutory provisions therefor. However, the opinions there expressed to that effect as well as those of other similar opinions were specifically disapproved in the Warren Case, and cannot now be considered as authoritative pronouncements of this jurisdiction."

Also, in *State ex rel. Smitherman, et al. v. Davis, et al.*, 238 Ind. 563, 569, 151 N. E. 2d 495, 497 (1958), which involved a school controversy regarding the transfer of children, a unanimous Indiana Supreme Court stated:

> "The act [§ 28-3705, *supra*] provides that the decision of the superintendent of schools upon this issue 'shall be final.' However, the law is now well settled that the legislature cannot make the decision of an administrative officer final. *Warren v. Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399. Furthermore, our courts have held that although the language of the statute is permissive in form, making the action of a public official discretionary, nevertheless where there has been an abuse of discretion courts will review the exercise of such discretionary powers and compel proper discharge of the duties imposed. *Bansemer and Others v. Mace, and Others* (1862), 18 Ind. 27, 81 Am. Dec. 344; *Gary, Governor et al. v. The State ex rel. Coghlen* (1880), 72 Ind. 567; *State ex rel. Oliver et al. v. Grubb, Trustee* (1882), 85 Ind. 213; *Zorn v. Warren-Scharf, etc.*

*Paving Co.* (1907), 42 Ind. App. 213, 84 N. E. 509; *Clifton v. State ex rel.* (1911), 176 Ind. 33, 95 N. E. 305.

"The law now seems to be well settled that all discretionary acts of public officials, which directly and substantially affect the lives and property of the public, are subject to judicial review where the action of such officials is fraudulent, arbitrary or capricious[3], or otherwise illegal. Art. 1, § 12, Constitution of Indiana[4]. *Coleman v. City of Gary* (1942), 220 Ind. 446, 44 N. E. 2d 101; *Smith v. Lippman* (1944), 222 Ind. 261, 53 N. E. 2d 157; *Phillips et al. v. Officials of Valparaiso, etc. et al.* (1954), 233 Ind. 414, 120 N. E. 2d 398; *Slentz et al. v. City of Fort Wayne et al.* (1954), 233 Ind. 226, 118 N. E. 2d 484. The law upon this issue has been stated generally as follows:

'. . . if the public interest or private rights call for the exercise of the power vested in a public official, the language used, though permissive or directory in form, is in fact peremptory . . . the power vested in the officer is not for his benefit but for the benefit of the public or of third persons, and it must be exercised . . .' Craford's Statutory Construction, § 266, pp. 530, 531. See, *Supervisors Rock Island Co. v. United States* (1867), 4 Wall. (U. S.) 435, 18 L. Ed. 419; *United States v. Caplinger* (1927), 8th Cir., 18 F. 2d 898." (Footnotes omitted.)

We, therefore, hold that as a matter of law the allegations of the Appellants-Plaintiffs' verified petition for judicial review and declaratory judgment were sufficient on their face to withstand a Motion to Dismiss for want of jurisdiction over the subject matter.

Judgment reversed with instructions to overrule Appellees-Defendants' Motions to Dismiss and for other proceedings consistent with this opinion.

Costs versus Appellees.

Lowdermilk, P.J., Carson, Hoffman and Sullivan, J.J., concur.

Pfaff, C. J., Cooper and White, J.J., not participating.

NOTE.—Reported in 245 N. E. 2d 835.