364 N.E.2d 1037 (1977)
Darwin ZEHNER, Julia Zehner, Frank Garrett, Sr., Alice M. Garrett, Bert O. White, Charles Chamberlain, Fern Chamberlain, Helen Dunigan, Clyde Scott, Marcia Scott, Owens Community Center, Inc., Appellants (Plaintiffs below),
v.
INDIANA STATE ALCOHOLIC BEVERAGE COMMISSION, James D. Sims, Chairman, Austin E. Barker, Member, Indiana State Alcoholic Beverage Commission, Morris M. Tobian, Member, Indiana State Alcoholic Beverage Commission, William F. Warren, Member, Indiana State Alcoholic Beverage Commission, Edward G. Ritter, Enforcement Officer for the Indiana State Alcoholic Beverage Commission, the Gibson County Alcoholic Beverage Board, George Boerke, Chairman, Lester Burton, Exmember, Gibson County Alcoholic Beverage Board, George French, Member, Gibson County Alcoholic Beverage Board, Theodore H. Fithian, Member, Gibson County Alcoholic Beverage Board, Darrell Vaughn Mauck, Appellees (Defendants below).
No. 2-276A53.
Court of Appeals of Indiana, Second District.
July 21, 1977.
*1038 Joe D. Black, Vincennes, for appellants.
Paul G. Roland, Ruckelshaus, Bobbitt & O'Connor, Theodore L. Sendak, Atty. Gen., Darrel K. Diamond, Deputy Atty. Gen., Indianapolis, Tom Dike, Owensville, for appellees.
SULLIVAN, Presiding Judge.
The sole issue for our determination is whether the Administrative Adjudication Act, I.C. 4-22-1-1 et seq. (Burns Code Ed. 1974), (AAA), is applicable to a procedure initiated for judicial review of an Indiana Alcoholic Beverage Commission final decision granting a package liquor store permit.
On May 20, 1975, the Alcoholic Beverage Commission, after a hearing, granted a package liquor store permit to Darrel V. Mauck (Mauck). Notice of the grant was received by the attorney for appellants Darwin Zehner, et al., (Zehner) on May 23, 1975. On June 20, 1975, 28 days after receipt of the notice, Zehner filed petition for judicial review in the Superior Court of Marion County. Thereafter, the court, on Mauck's motion, dismissed the petition as not timely filed.
In pertinent parts, I.C. 4-22-1-2 (Burns Code Ed. 1974), the AAA definitional section states:
"The word `agency' whenever used in this act [4-22-1-1 - X-XX-X-XX] shall mean and include any officer, board, commission, department, division, bureau or committee of the state of Indiana other than courts, the governor, military officers or military boards of the state, state colleges or universities supported in whole or part by state funds, benevolent, reformatory or penal institution [institutions], the industrial board, state board of tax commissioners and the public service commission of Indiana: ... ."
* * * * * *
"`Administrative adjudication' means the administrative investigation, hearing and determination of any agency of issues or cases applicable to particular persons, excluding, however, the adoption of rules and regulations; the issuance of warrants or jeopardy warrants for the collection of taxes or employment security contributions; the payment of benefits by the employment security division; the review by the state board of tax commissioners of budgets, appropriations, tax levies and bond issues; determination of eligibility and need for public assistance under the welfare laws; mathematical calculations for the purpose of classification of townships by the state board of accounts; orders and prescribed procedure relating to the administration or supervision of the administration of public assistance under the welfare laws; determinations which affect only other agencies; determinations by the Indiana alcoholic beverage commission other than determinations to which this act is specifically made applicable by any other law; and the dismissal or discharge of an officer or employee by a superior officer, but *1039 including hearings on discharge or dismissal of an officer or employee for cause where the law authorizes or directs such hearing." (Emphasis supplied)
Zehner contends that inasmuch as proceedings before the Alcoholic Beverage Commission are not "administrative adjudications" under the AAA and the AAA is not "specifically made applicable by any other law", the fifteen day time limitation set forth in I.C. X-XX-X-XX for filing of a petition for judicial review is without application.[1] Zehner concludes by arguing that in the absence of a specific period, procedural due process requires a reasonable time in which to petition for judicial review of administrative determinations, and that 28 days is not unreasonable. See Warren v. Indiana Tele. Co. (1940) 217 Ind. 93, 26 N.E.2d 399.[2]
Mauck and the Commission do not dispute the inapplicability of the AAA to the "administrative adjudications" of the Commission. Nonetheless, they argue that since the Commission has not been specifically excluded under the "agency" definition of the AAA, see I.C. 4-22-1-2, supra, and that since I.C. X-XX-X-XX, supra, controls the procedure for judicial review of any agency order, decision or determination, the fifteen day time limitation is applicable. They thus conclude that more than fifteen days having elapsed after Zehner received notice of the Commission's determination, the trial court had no subject matter jurisdiction, see White v. Board of Med. Reg. & Exam. (1956) 235 Ind. 572, 134 N.E.2d 556, and therefore, was correct in dismissing Zehner's petition.
We agree with Mauck and the Commission and, therefore, affirm.
The AAA, as noted by Mauck and the Commission, is bifurcated. One segment of the AAA covers administrative procedures before an agency, see I.C. 4-22-1-3 to -13 (Burns Code Ed. 1974) and the other delineates the procedure for judicial review of an administrative order, decision or determination. See I.C. X-XX-X-XX to -19 (Burns Code Ed. 1974). This dichotomy was recognized in State ex rel. Calumet National Bank of Hammond v. McCord (1963) 243 Ind. 626, 189 N.E.2d 583.
In Calumet National Bank of Hammond, supra, our Supreme Court affirmed the trial court's dismissal of a petition of mandate, *1040 which was filed by a remonstrator, to compel the Department of Financial Institutions to revoke a permit. Notwithstanding the fact that the initial proceeding granting the permit was excepted from the AAA, the Court held that given the absence of a very clear and unambiguous exception from the AAA's judicial review procedure, the AAA established the exclusive procedure by which the remonstrator could secure review of the agency's determination. The Court noted that:
"... There is sound reason why in the initial granting of a permit the law applicable to the particular board should govern, since the standards for the grant differ with each board due to the peculiar character of its subject matter. The conditions for granting a branch bank permit, needless to say, differ from that in granting a physician's license or a building permit. We believe a full reading of the Administrative Adjudication Act reflects the intention that a judicial review under that act shall be applicable following the final hearing of such administrative body, whether the permit or license be granted or denied. A reading of the Act discloses an intention that it apply to all administrative determinations except those specifically excepted." 243 Ind. 626 at 633-34, 189 N.E.2d 583 at 586: Compare Indiana Employment Relations Bd. v. Benton Community School Corp., (1977) Ind., 365 N.E.2d 752, p. 759, holding "interim agency determinations" not subject to judicial review under the AAA.
Here there is no dispute that the proceedings in which Mauck was granted his permit before the Commission were exempt from the purview of the AAA and that these proceedings were final. However, inasmuch as there is no "very clear and specific exception", the holding in Calumet National Bank of Hammond, supra, will not permit us to extend the exemption of I.C. 4-22-1-2, supra, as Zehner urges to include those proceedings wherein a final Alcoholic Beverage Commission determination is judicially reviewed. Thus the fifteen day limitation of I.C. X-XX-X-XX, supra, is applicable.
Our holding is made with awareness that there are apparent inconsistencies in the interrelationship between the Alcoholic Beverage Act, I.C. 7.1-1-1-1 to 7.X-X-XX-XX (Burns Code Ed., Supp. 1976) and the AAA. For example, Zehner notes that where a proceeding before the Alcoholic Beverage Commission could result in a revocation or suspension of an existing permit for sixty days or more, the AAA, in all respects, is specifically made applicable, see I.C. 7.1-3-23-8, -9 (Burns Code Ed., Supp. 1976), and that an applicant for or a holder of a wholesaler or manufacturer permit whose permit has been denied, suspended or revoked has only ten days within which to petition for judicial review. I.C. 7.X-X-XX-XX (Burns Code Ed., Supp. 1976).[3]
As Zehner argues, if the legislature intended the AAA to apply to proceedings for judicial review of an Alcoholic Beverage Commission determination to grant a package liquor store permit, it would have been more reasonable to make a specific reference thereto. Notwithstanding a lack of legislative preciseness, however, Calumet National Bank of Hammond, supra, and the overall legislative purpose of the AAA to establish a uniform method of court review, dictates the result reached.
The judgment is therefore affirmed.
BUCHANAN and WHITE, JJ., concur.
NOTES
[1] "Any party or person aggrieved by any order or determination made by any such agency shall be entitled to a judicial review thereof in accordance with the provisions of this act [4-22-1-1 - X-XX-X-XX]. Such review may be had by filing with the circuit or superior court of the county in which such person resides, or in any county in which such order or determination is to be carried out or enforced, a verified petition setting out such order, decision or determination so made by said agency, and alleging specifically wherein said order, decision or determination is:

(1) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or
(2) Contrary to constitutional right, power, privilege or immunity; or
(3) In excess of statutory jurisdiction, authority or limitations, or short of statutory right; or
(4) Without observance of procedure required by law; or
(5) Unsupported by substantial evidence.
Said petition for review shall be filed within fifteen [15] days after receipt of notice that such order, decision or determination is made by any such agency. Notice shall be given in the manner prescribed by section 6 [4-22-1-6] of this act. Unless a proceeding for review is commenced by so filing such petition within fifteen [15] days any and all rights of judicial review and all rights of recourse to the courts shall terminate." (Emphasis supplied) I.C. X-XX-X-XX, supra.
Notwithstanding the failure of the Alcoholic Beverage Commission to determine whether the area in which appellants reside or own property is residential, for purposes of this appeal it must be deemed that Zehner and the other appellants were proper remonstrators in the administrative proceedings pursuant to I.C. 7.X-X-XX-XX (Burns Code Ed., Supp. 1976) which deals with a "residential district".
[2] On appeal Zehner attacks the adequacy and correctness of the findings made by the Commission. However, this argument is waived for two reasons: the issue was not specifically raised in the motion to correct errors, Pope v. Marion Cty. Sheriff's Merit Bd. (3d Dist. 1973) 157 Ind. App. 636, 301 N.E.2d 386, 389, n. 1, and the record before us does not contain the Commission's findings of fact. See Ladd v. Review Bd. of Indiana Employment Security Division (1971) 150 Ind. App. 632, 276 N.E.2d 871, 874-75.
[3] Although not mentioned by Zehner in appellants' brief, the AAA is specifically applicable for purposes of judicial review whenever an application for renewal of a permit to sell alcoholic beverages at retail is denied by the Alcoholic Beverage Commission. I.C. 7.X-X-XX-XX (Burns Code Ed., Supp. 1976).