**STATE ex rel. ALE HOUSE, INC.,**
**Appellant (Plaintiff Below),**

v.

**John RUEGER, Thomas Shetler, Sr., Louis Iaccarino, Carol Harvey as members of the Vanderburgh County Alcoholic Beverage Board Indiana Alcoholic Beverage Commission, Appellees (Defendant Below).**

No. 1–180A15.

Court of Appeals of Indiana,
First District.

June 23, 1980.
Rehearing Denied July 22, 1980.

Robert L. Simpkins, Edward W. Johnson, Evansville, for appellant.

Theodore L. Sendak, Atty. Gen., Sabra A. Weliever, David L. Steiner, Deputy Attys. Gen., Indianapolis, for appellees.

ROBERTSON, Presiding Judge.

Ale House, Inc. has appealed the decision of the trial court, which affirmed the action

of the Alcoholic Beverage Board of Vanderburgh County (Local Board) and the Indiana Alcoholic Beverage Commission (ABC). The Local Board's action denied Ale House the transfer of a three way permit. Ale House has alleged twenty nine errors on appeal, some of which ask us to declare parts of the alcoholic beverage law unconstitutional and to also determine that they were denied equal protection and due process of law. We cannot reach the merits of these issues, however, because of our determination that the trial court was without jurisdiction to resolve the matter. Therefore, we dismiss Ale House's appeal.

During the summer of 1977, Ale House entered into negotiations to purchase another piece of property in order to expand their liquor store business. Prior to the purchase, the feasibility of transferring their present license was discussed with the president of the Local Board, who was not on the Local Board when the final decision was made. At that time, the president saw no problems with the transfer. The matter came before the Local Board on November 21, 1977. During the intervening period, the Local Board received phone calls and letters from persons protesting the transfer. These remonstrators were not present at the November 21 hearing. Counsel for Ale House objected to the letters being placed in the record, as they were hearsay, and also objected to any continuance of the hearing. The Local Board determined that the hearing would be continued in the interest of fairness and to allow all interested parties the opportunity to be heard.

The hearing was eventually completed on December 19, 1977, when both Ale House and twenty to thirty remonstrators were present. Although the Local Board conceded that Ale House met all the legal requirements, they voted unanimously to deny the transfer on the basis that the liquor store would not add anything beneficial to the neighborhood. Prior to the decision, counsel for Ale House requested that three members of the Local Board disqualify themselves, as they were biased and prejudiced against Ale House and as a result, Ale House was not able to get a fair hearing. This request was denied.

Ale House subsequently sought review from the ABC, which was denied. They were informed that the ABC could not be of any assistance in the matter, because *Ind. Code* 7.1–3–19–11 states in essence that the ABC shall defer to the recommendations of a local board when a majority of its members have voted to deny a permit. Although this letter was dated January 9, 1978, it is agreed by both parties that the letter was not received by Ale House until late January, 1978. This action, captioned as a Complaint for Declaratory Judgment, was not filed until March 20, 1978.

The Attorney General alleges in his brief that this court should dismiss the appeal for lack of jurisdiction, citing *Zehner v. Indiana State Alcoholic Beverage Commission*, (1977) Ind.App., 364 N.E.2d 1037. Following a thorough review of the alcoholic beverage laws, *Ind.Code* Title 7.1, the Administrative Adjudication Act, *Ind.Code* 4–22–1–1 *et seq.*, and case law interpreting the purposes, scope, and intent of the legislature in enacting this legislation, we are constrained to agree.

There can be no doubt that the legislature vested the ABC with wide powers to control the use, manufacture, sale and possession of alcoholic beverages. IC 7.1–1–1–1 declares that the purposes of the title (Title 7.1 Alcoholic Beverages) are "[t]o protect the economic welfare, health, peace and morals of the people of this state." Similarly, the title is to be liberally construed to effectuate these purposes and is an exercise of the police powers of the state. IC 7.1–1–2–1.

The legislature also gave the ABC "absolute discretion" in the issuance, suspension, and revocation of permits of any type. IC 7.1–3–19–1. Because of the nature of the activity controlled, the legislature also provided that no court shall have jurisdiction "to compel the issuance of a retailer's or dealer's permit of any type, . . . ." IC 7.1–3–19–2. These sections do not, however, mean that judicial review of ABC action is unavailable. IC 7.1–3–23–8 makes

the Administrative Adjudication Act (AAA) applicable in certain instances. Likewise, the AAA is also made applicable to retail permits revoked or suspended for at least 60 days, IC 7.1–3–23–9, and for nonrenewal of a permit. IC 7.1–3–23–11. Section 11 continues, "[h]owever, this section shall not apply to a denial of a transfer of a permit to either another holder, or location, or both." A later section in Title 7.1 states that a transfer of a permit is to be treated as a case of an original application. IC 7.1–3–24–3. Under these sets of provisions, it would appear that a denial of a transfer of a permit results in no judicial appeal by the aggrieved party since no procedure is found in Title 7.1. Because the ABC is an agency within the definition of the AAA, in resolving this question, reference must be made to the AAA provisions.

■■■ The intent of the legislature in enacting the AAA was to establish a uniform method of administrative action by all state agencies and to establish a uniform method of judicial review. IC 4–22–1–1. Quoting from *Zehner*, 364 N.E.2d at 1038, 1039, the definitional section of the AAA states in pertinent part:

> The word 'agency' whenever used in this act [4–22–1–1—4–22–1–30] shall mean and include any officer, board, commission, department, division, bureau or committee of the state of Indiana other than courts, the governor, military officers or military boards of the state, state colleges or universities supported in whole or part by state funds, benevolent, reformatory or penal institution [institutions], the industrial board, state board of tax commissioners and the public service commission of Indiana: . . . .
>
> \*     \*     \*     \*     \*     \*
>
> 'Administrative Adjudication' means the administrative investigation, hearing and determination of any agency of issues or cases applicable to particular persons, excluding, however, . . . ; determinations by the Indiana alcoholic beverage commission other than determinations to which this act is specifically made applicable by any other law ; . . .
>
> (Original emphasis).

The procedure for obtaining judicial review of an order or determination of any agency is found in IC 4–22–1–14. In pertinent part, that section requires a petition for review to be filed within fifteen (15) days after receipt of such order or determination by the agency. Unless this petition is timely filed, all rights of judicial review and all rights of recourse to the courts shall terminate. The section further provides that within fifteen (15) days after filing the required petition, a certified copy of the transcript of the proceedings shall be obtained from the agency and filed with the clerk of the court. An extension of time to file is allowed for good cause, and the inability to obtain the transcript is good cause.

The above mentioned rules and procedures create a virtual labyrinth in which even the most careful party can become trapped. The ABC is a curious creation, in that it is an agency within the meaning of the AAA, but its administrative adjudications are specifically excluded from the same act unless the ABC expressly adopts the AAA provisions. In *Zehner, supra,* the court was faced with a situation wherein the ABC granted a permit and 28 days after notice was received, the plaintiffs filed for judicial review. The ABC argued that even though its administrative adjudications were excluded from the scope of the AAA, since the ABC was not excluded from the definition of agency (IC 4–22–1–2), and since IC 4–22–1–14 controlled the procedure for judicial review of any agency order, decision, or determination, the fifteen day time period was applicable. The second district of this court agreed. The court, relying in part on *Calumet National Bank of Hammond v. McCord,* (1963) 243 Ind. 626, 189 N.E.2d 583, reasoned that:

> Notwithstanding the fact that the initial proceeding granting the permit was excepted from the AAA, the Court held that given the absence of a very clear and unambiguous exception from the AAA's judicial review procedure, the AAA established the exclusive procedure by

which the remonstrator could secure review of the agency's determination. 364 N.E.2d at 1040.

It becomes evident from a reading of Title 7.1, that the legislature has not specifically made a provision for judicial review when the transfer of a license is denied. IC 7.1–3–23–11 provides that the AAA will be applicable when a renewal is denied, but also makes that section inapplicable to a denial of a transfer. In the absence of some other provision within Title 7.1 for judicial review in such a situation, the AAA must be construed to provide the exclusive method by which to secure judicial review.

■ In their reply brief, Ale House admits to being trapped in the maze created by the alcoholic beverage provisions and the AAA. They argue that in their opinion the AAA was clearly inapplicable for the reason that the ABC had not caused a transcript to be prepared as required by IC 4–22–1–14. The problem with this position is that there was never any formal hearing held by the ABC from which a transcript would have been made. The only contact with the ABC was when they denied, by letter, Ale House's request for a hearing. Consequently, we believe that the type of transcript contemplated by the statute was unavailable. This, however, is not fatal to the ABC's position. Nor do we believe that the lack of a transcript makes the AAA clearly inapplicable.

We note that Ale House was not without a transcript of the proceedings, as they took their own court reporter to record the Local Board's meetings of November 21 and December 19. In fact, these are a part of the record on appeal. Irrespective of this fact, even if these transcripts had not been available, we still do not believe judicial relief under the AAA was precluded.

The AAA provides in IC 4–22–1–14 that the transcript must be filed within fifteen days after the petition for review is filed. It also provides that an extension will be granted for good cause, and that failure to have a transcript is good cause. Therefore, we believe the proper statutory procedure would have been for Ale House to file their petition within 15 days after receiving the letter from the ABC that it could not review the Local Board's recommendations. This letter represented the final order or determination of an agency, meeting the first requirement for judicial review. The next step would have been to notify the court within 15 days that a transcript was unavailable. This would require the agency to prepare some type of transcript. The most logical conclusion would be that the ABC would have to hold a hearing at which the local board members would present testimony as to why the particular action was taken. Once this transcript is made available, judicial review can proceed. Such a procedure would assure the aggrieved party an opportunity for judicial review.

A second method to assure judicial review would be to have transcripts prepared of the meetings of the local board. Then, if the ABC is precluded from acting in a manner contrary to the local board, a transcript would be available for judicial review without delay.

Although Title 7.1 does not state how the local board is to conduct its meetings, *see* IC 7.1–2–4–1 through 7.1–2–4–21, the ABC is permitted to prescribe the procedure to be observed by local boards. IC 7.1–2–3–21. Notwithstanding this authority, our research has not revealed any rules or regulations prescribed by the ABC, and the parties have not favored us with any.

■ While we sympathize with the dilemma faced by Ale House, we are precluded from deciding the issues raised on appeal since Ale House failed to file a petition for judicial review within 15 days from the receipt of ABC's letter denying their appeal. Although the statutes are not presented in the most cogent and logical manner, the clarification of such procedures is a function properly left to the legislature.

Appeal dismissed.

NEAL and RATLIFF, JJ., concur.