STATE OF INDIANA ON THE RELATION OF AND FOR THE USE OF CONCORD COMMUNITY SCHOOLS, ELKHART COUNTY, INDIANA *v.* ELKHART COMMUNITY SCHOOLS ET AL.

[No. 3-972A66. Filed January 30, 1973. Rehearing denied March 1, 1973.]

*Marshall F. Kizer, Kizer and Neu,* of Plymouth, for appellants.

*Alphonse J. Spahn, Bontrager, Spahn, Atwater & Arko, Philip E. Byron, Jr., Byron & Daniels,* of Elkhart, for appellee Elkhart Community Schools.

PER CURIAM.—This cause is pending before the Court on the Motion of the appellee Elkhart Community Schools to Dismiss Appeal, Brief in Support of Motion to Dismiss, and the appellant's Brief in Opposition to said appellee's Motion to Dismiss.

The Motion to Dismiss alleges as cause therefor that the subject matter of this litigation has been adjudicated in a prior appeal of this case, and that the judgment sought to be appealed is not appealable because it was entered in accordance with the mandate of the Supreme Court of Indiana in the prior appeal.

The appellant's response to these allegations is that the Supreme Court did not have jurisdiction to render the decision it did in the prior appeal of this cause, and if it did have jurisdiction, it intended for the trial court to proceed to try the issues and not to summarily enter judgment.

The record herein reveals that this cause was commenced in May of 1966 by the plaintiff-appellant (Concord) filing its complaint for declaratory judgment and a temporary injunction. Thereafter, the trial court issued a temporary injunction enjoining the defendants Elkhart et al. from performing certain acts pertaining to school operation in particular territory previously annexed by the civil City of Elkhart under certain ordinances.

The defendants Elkhart appealed from this temporary injunction to the Supreme Court of Indiana. The Supreme Court in its opinion (*School City of Elkhart* v. *State ex rel.*

*Concord Schools* (1967), 248 Ind. 511, 227 N.E.2d 672) described the matter before it and the scope of its review as follows:

> "On July 29, 1966, there was issued out of the Elkhart Circuit Court a temporary injunction of broad scope, which restrained and enjoined the defendants (Appellants) in an action brought by the plaintiffs (Appellees) under and in pursuance of the Uniform Declaratory Judgment Act (Acts of 1927, Ch. 81, p. 208, Burns' Ind. Stat. 1946 Repl., § 3-1101, et seq.) seeking a declaration of rights, status and other legal relation between the parties and, an emergency having been alleged to exist, temporary injunctive relief likewise was sought until such asserted declaratory relief could be obtained. *The parties to this appeal have agreed that in our consideration of the equity relief granted in the trial court, it will be necessary for us to consider the merits of the action as it pertains to declaratory relief, and such parties have expressed the wish to this Court that it decide the two issues. Under all of the circumstances presented to us herein, it will be our intention so to do.*" (Our emphasis.)

The Court then proceeded with its discussion and decision of the case, and concluded its opinion with the following:

> ". . . . *The judgment herein rendered by the trial court is hereby reversed, with instructions to dissolve the temporary injunction, and the court is hereby ordered to enter a finding and judgment for the Appellants, defendants below, in accordance with the tenor hereof, both on the equity and the law questions presented.*" (Our emphasis.)

In compliance with the direction of the Supreme Court, the trial court entered its judgment on November 21, 1967, dissolving the previously issued temporary injunction, declaring that the particular territory annexed by Elkhart became an integral part of and within the boundaries of Elkhart Community Schools for all school purposes, tax purposes and otherwise, and that the County Committee for Reorganization of School Corporations for Elkhart County and the State Commission For Reorganization of School Corporations of Indiana were not legally powerless to include territories annexed by the

civil City of Elkhart under certain ordinances within the boundaries of defendant Elkhart Community Schools. Thereafter, and within the time allowed, on December 19, 1967, Concord filed its motion for new trial which was not ruled on until four and a half years later, in July of 1972.

In the meantime, while the motion for new trial languished in the trial court, other litigation transpired between the same parties arising from Concord's adopting a Plan for Reorganization of Concord Community School, which plan attempted to remove certain territory from the boundaries of Elkhart's school system and include it within the boundaries of Concord's system. Elkhart filed its action for declaratory judgment seeking a judicial determination of the validity of Concord's plan. The trial court held Concord's plan was null and void insofar as it attempted to remove certain territory from Elkhart's boundaries and to place the same in Concord's boundaries.

That decision was appealed to the Appellate Court, which reversed the trial court. On transfer of the case to the Supreme Court of Indiana, the Supreme Court ordered the opinion of the Appellate Court vacated and it affirmed the judgment of the trial court. (*Concord Comm. Schools, etc.* v. *State, ex rel. Elkhart Community Schools* (1971), 256 Ind. 667, 271 N.E.2d 468).

If there had been any doubt about the Supreme Court's intention in the earlier case, the Court firmly dispelled it in the second case by stating:

"... *It was the decision of this Court in that case that a certain disputed territory was within the boundary of the school district of Elkhart, and this Court ordered the trial court to enter final judgment accordingly.* That opinion was handed down and effective on June 20, 1967." (Our emphasis.)

In affirming the trial court's judgment in the second case, that Concord's plan was null and void insofar as it sought to

include territory previously determined to belong to Elkhart, the Supreme Court went on to say:

> "The trial court based this summary judgment in part upon a special finding that there is no right or power or authority in Concord or the Commission to 'circumvent and destroy the effect of an opinion in a case decided by the Indiana Supreme Court'. This ground alone, supported by the record as it is, is alone sufficient to sustain the judgment of the trial court that the actions of the Commission attempting to remove the disputed territory from the Elkhart School district be invalidated and declared to be of no legal force. This is so, because it was the intention of Concord and the Commission to nullify a decision of this Court and this intention is clear first, from the content of the resolution and plan as approved, dealing as they do solely with granting Concord the right to serve the exact territory granted to Elkhart by decision of this Court, and, second, from the fact that the action of the Commission here challenged occurred only a few weeks after this Court's decision. *The Commission by its actions, sought to alter a decision of this Court. This the Commission has no authority to do."* (Our emphasis.)

After the Appellate Court had decided the second case favorably to Concord and while that case was pending on transfer to the Supreme Court, Concord revived its pending motion for new trial in the first case, which is the subject of this appeal now before us, by asking that the motion be set for argument. In due time argument was heard, the motion overruled and this appeal followed.

The main thrust of Concord's argument in this present appeal is found in its brief, as follows:

> "That on the original appeal of this case on the granting of a temporary injunction, under the Constitution and the laws of the State of Indiana, the Supreme Court had no right to consider anything but the question of the granting of the temporary injunction. The Court had no right, even with the consent of the parties, to sit as a court of original jurisdiction in determining the matter of declaratory judgment . . . that therefore, everything in the Court's opinion is obiter dictum except its order to dissolve temporary injunction."

After carefully reading the two opinions of the Supreme Court above cited, we conclude that in the first case, which was an appeal from the order of the trial court issuing a temporary injunction, the Supreme Court intended to, and did, decide the issues pertaining to the complaint for declaratory judgment as well as the appeal from the issuance of a temporary injunction. After deciding these matters, it instructed the trial court to enter findings and judgment for the appellants (Elkhart). The trial court obeyed the Supreme Court's directive and entered its judgment accordingly, which Concord now seeks to appeal. In the second case between the parties, the Supreme Court reiterated its intention in the first case by saying ". . . this Court ordered the trial court to enter final judgment accordingly."

We, therefore, agree with the appellee Elkhart that the entire subject matter of this litigation has been completely decided, determined and adjudicated in the prior appeal of this same case. In our opinion, the Supreme Court has firmly closed the door on any further litigation between these parties on the same subject matter, namely that the territory annexed by the civil City of Elkhart pursuant to the Annexation Ordinances described in the Complaint for Declaratory Judgment and Temporary Injunction, and in the trial court's judgment, are a part of the territorial boundaries of Elkhart Community Schools.

It is not the prerogative of this Court to determine that the Supreme Court had no jurisdiction of a matter over which it assumed jurisdiction and decided, which we would have to do if we were to entertain this appeal.

The appellee's Motion to Dismiss is sustained, and this cause is dismissed.